MEMORANDUM **
Aderemi Emmanuel Atanda (the “Petitioner”) petitions for review of the Board of Immigration Appeals’ (“BIA”) decision dismissing his appeal of an order sustaining the charge of removability and finding the Petitioner ineligible for discretionary relief under Section 212(h) of the I.N.A. Reviewing the Petitioner’s claims de novo, we grant the petition for review. See Perez-Mejia v. Holder, 663 F.3d 403, 409 (9th Cir.2011) (reviewing de novo an alien’s contention that the government did not meet its burden of proving removability based on an admission).

*624
I.

The immigration judge (“IJ”) and the BIA erred in finding that the Petitioner was sentenced to “a term of at least one year imprisonment” for his forgery convictions and that those convictions therefore constituted an “aggravated felony” rendering the Petitioner removable. See 8 U.S.C. § 1101(a)(43)(R).
On November 17, 2003, the Petitioner was convicted in the Superior Court of California, Los Angeles County, for five counts of felony forgery in violation of California Penal Code (“C.P.C.”) § 470(d), one count of grand theft by embezzlement in violation of C.P.C. § 487(a), three counts of failing to file an income tax return, two counts of filing a false tax return, and one count of driving under the influence of alcohol (“DUI”). In the Notice to Appear (“NTA”) for the removal proceedings at issue in this petition, the Government charged only the five § 470(d) forgery convictions.
The abstract of judgment for the state-court convictions, a document constituting part of the record of conviction, shows that the Petitioner received a sentence of two years for his grand theft conviction and that the sentences for his forgery convictions were stayed pursuant to C.P.C. § 654(a). Section 654(a) applies when multiple counts in the charging document cover the same underlying conduct. It requires the state court to impose a sentence on all counts covering that conduct and stay execution of the sentence on the count that provides for the shorter potential term of imprisonment. See People v. Alford, 180 Cal.App.4th 1463, 103 Cal.Rptr.3d 898, 900, 905 (2010). In this case, the record of conviction establishes that the state court imposed a specific custodial sentence for the grand theft conviction, but it does not indicate any specific term of imprisonment imposed for the forgery convictions. Thus, there is insufficient evidence in the record to establish that the state court imposed “a term of imprisonment of at least one year” for the Petitioner’s forgery convictions..
' The Government contends that this absence of proof in the record of conviction is irrelevant because the Petitioner admitted during the pleading stage of his removal proceedings that he had been sentenced to the requisite term of imprisonment for his forgery convictions. See Pagayon v. Holder, 675 F.3d 1182, 1188, 2011 WL 6091276, at *4 (9th Cir.2011) (“[A]n alien’s concession of removability or admission of facts establishing removability, if accepted by the IJ, completely ‘relieve[s] the government of the burden of producing evidence.’ ” (citing Perez-Mejia v. Holder, 663 F.3d 403, 414 (9th Cir.2011))).
At a hearing on July 5, 2006, the first IJ to preside over the Petitioner’s removal proceedings asked him: “Now, the Government says that for [the forgery] offense you were sentenced to serve 32 months in prison in California, is that right?” The Petitioner replied: “That’s correct, Your Honor.” At a subsequent hearing on September 13, 2006, a second IJ reviewed the abstract of judgment and stated: “I’m looking at the judgment and it says two years for grand theft. And then for the other counts, instead of — it looks like it’s— it looks like it’s stayed, since the judge didn’t want to have you spend two years on each count.” In her September 13, 2006 oral decision, the second IJ found that the Petitioner “was ordered to two years incarceration on Count 1 [grand theft], and apparently also for the forgery counts, although on the judgment it shows that the incarceration is stayed as to the forgery counts, inasmuch as respondent would be serving the two years on the grand theft charge.”
*625 Under these circumstances, the Petitioner’s July 5, 2006 statement does not constitute an admission that resolves this issue. First, it is unclear from the transcript whether the Petitioner agreed (a) that he was sentenced to 32 months for the forgery convictions; or (b) that the Government alleged he was sentenced to 32 months for the forgery convictions. Second, the second IJ never “accepted” an admission by the Petitioner that he was sentenced to 32 months for forgery. Instead, in her September 13, 2006 oral decision, she relied on the abstract of judgment and found that the Petitioner had been sentenced to two years for the grand theft charge as well as for the forgery convictions, and that the two-year sentence for the forgery convictions was stayed. This was error, however, since the abstract of judgment does not support the inference that the sentencing court imposed any specific term of imprisonment for the forgery convictions — two years or otherwise. Third, our review of the record makes clear that the 32-month sentence referred to by Mr. Atanda at the July 5, 2006 hearing encompassed the two-year sentence for his grand theft conviction and the additional eight-month sentence for his DUI conviction. All other sentences and enhancements indicated on the abstract of judgment were either stayed, suspended, or concurrent to his two-year sentence for grand theft and eight-month sentence for driving under the influence. Thus, to the extent his statement on July 5, 2006, could be construed as a pleading-stage admission that he was sentenced to 32 months for forgery, it is not binding because it is plainly contradicted by the record. The finding by the IJ and the BIA is not supported by the evidence, let alone substantial evidence.
Because the IJ and the BIA erred in finding that the Petitioner was sentenced to “a term of at least one year imprisonment” for his forgery convictions and that those convictions therefore constituted an “aggravated felony,” see 8 U.S.C. § 1101(a)(43)(R), we grant the petition and remand to the BIA for further proceedings.
We note that the BIA also found the Petitioner’s grand theft conviction under C.P.C. § 487(a) to be an aggravated felony. See 8 U.S.C. § 1101(a)(43)(G). Although this determination could be relevant in assessing the Petitioner’s eligibility for certain forms of discretionary relief, the grand theft conviction cannot serve as a grounds for removal because the Government did not charge the Petitioner as removable on the basis of that conviction. Cf. Salviejo-Fernandez v. Gonzales, 455 F.3d 1063, 1066 (9th Cir.2006) (“[D]ue process does not require that the NTA include a conviction that is not a ground of removability but is a ground for denial of relief from removal.” (emphasis added)).

II.

Petitioner argues that since he entered the United States on an F-l student visa and adjusted to lawful permanent resident status post-entry (a fact not in dispute), he has never “been admitted to the United States as an alien lawfully admitted for permanent residence” and therefore cannot be barred from seeking waiver of inadmissibility under § 212(h) on the grounds that he committed an “aggravated felony.” See Hing Sum v. Holder, 602 F.3d 1092, 1097 (9th Cir.2010); Martinez v. Mukasey, 519 F.3d 532, 546 (5th Cir.2008).
The Government contends that we lack jurisdiction to address this issue because Petitioner failed to raise this argument before the BIA. Our decision to grant the petition and remand to the BIA renders a decision on the exhaustion issue unnecessary.

*626
III

For the reasons stated above, we hereby GRANT the petition and REMAND to the BIA for further proceedings not inconsistent with this decision.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.