**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORBERTO MORAZA RUIZ, | No. 19-70721 |
| Petitioner, | Agency No. A044-127-109 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 4, 2021
Pasadena, California

Before: SILER,[**] HURWITZ, and COLLINS, Circuit Judges.

Petitioner seeks review of a decision of the Board of Immigration Appeals

(BIA) dismissing an appeal from an order of removability entered by an

Immigration Judge. We have jurisdiction under 8 U.S.C. § 1252, and we grant the

petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Petitioner claims he was not "convicted" of two crimes involving moral turpitude so as to allow his removal under 8 U.S.C. § 1227(a)(2)(A)(ii). Because the sentence on one of the state-law violations forming the basis for his removal was stayed and unspecified, Petitioner asserts that violation cannot constitute a "conviction" under 8 U.S.C. § 1101(a)(48). *See Retuta v. Holder*, 591 F.3d 1181, 1182–83 (9th Cir. 2010) (looking to the definition of "conviction" in § 1101(a)(48) to determine whether alien was "convicted" of crime under § 1227(a)(2)(B)(i)). Under § 1101(a)(48), a "conviction" includes dispositions in which a formal judgment of guilt has been withheld provided that (i) there has been a finding of guilt or admission of sufficient facts for a finding of guilt, and (ii) "some form of punishment, penalty, or restraint on the alien's liberty" has been imposed. 8 U.S.C. § 1101(a)(48)(A). Although a stayed term of incarceration satisfies § 1101(a)(48)(A)(ii), *see Retuta*, 591 F.3d at 1186, the record is unclear as to whether Petitioner was sentenced to any incarceration for his violation of California Penal Code § 422(a). Petitioner's criminal records indicate that any sentence imposed for that violation was stayed pursuant to California Penal Code § 654 and not made conditional on compliance with another order from the state trial court, and there is no indication that any such stayed sentence was for a term of incarceration. *See Retuta*, 591 F.3d at 1188 ("Our reading of § 1101(a)(48) leads us to conclude that the definition of 'conviction' does not include criminal

judgments *whose only consequence is a suspended non-incarceratory sanction*.")
(emphasis added)). We therefore agree with Petitioner that he was not
"convicted" for purposes of 8 U.S.C. § 1227(a)(2)(A)(ii) on the § 422(a) count.

We reject the government's contention that an incarceratory sentence
imposed on another count is imputed pursuant to § 654(a) to the remaining counts
for which the sentences have been stayed. *See, e.g., People v. Alford*, 103 Cal.
Rptr. 3d 898, 900, 905 (Cal. App. 2010); *Atanda v. Holder*, 466 F. App'x 622, 624
(9th Cir. 2012). Because we cannot assume that the state trial court sentenced
Petitioner to a term of incarceration, stayed or not, the government has not met its
"burden [to] establish[] by clear and convincing evidence that, in the case of an
alien who has been admitted to the United States, the alien is deportable." 8
U.S.C. § 1229a(c)(3)(A).[1]

**PETITION GRANTED; REMANDED** to the BIA. **Petitioner's motion
for judicial notice, DKT. 16, is DENIED**.

---

[1] Ruiz's counsel conceded below that § 422(a) is a "crime involving
moral turpitude." But, conceding that a certain statutory violation constitutes a
"crime involving moral turpitude" is different from conceding that Ruiz was
"convicted" of that statutory violation under 8 U.S.C. § 1227(a)(2)(A)(ii).