[No. C060251. Third Dist. Jan. 13, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY MARK ALFORD, JR., Defendant and Appellant.

1464

## Counsel

David Annicchiarico, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, and Craig S. Meyers, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**CANTIL-SAKAUYE, J.**—In this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071], we solicited supplemental briefing to clarify the proper way to implement Penal Code section 654.[1]

■ Broadly speaking, one branch of section 654 precludes multiple punishment when a criminal act or omission violates multiple penal provisions. We conclude that when a trial court determines that section 654 applies to a particular count, the trial court must impose sentence on that count and then stay execution of that sentence. There is no authority for a court to refrain from imposing sentence on all counts, except where probation is granted. And failing to impose sentence on all counts can lead to procedural difficulties if the count on which sentence was imposed is later reversed or vacated.

■ This should not be a controversial proposition. It has been the law for many years. However, California Rules of Court,[2] rule 4.424 provides that a sentencing court "must determine whether the proscription in section 654 against multiple punishments for the same act or omission requires a stay of imposition of sentence on some of the counts." Rule 4.424 misstates the correct way to implement section 654, and therefore can cause mischief in cases, such as this one appears to be, where it is followed by busy trial courts.

Accordingly, we publish this opinion to emphasize the appropriate method of implementing section 654 and the need to rewrite the misleading rule.

### FACTUAL AND PROCEDURAL BACKGROUND

In April 2008, defendant Anthony Mark Alford, Jr., entered a Wal-Mart, loaded a shopping cart with meat, put most of the meat in a 150-quart ice chest, placed some other items in the cart, and tried to leave the store without paying. The total value of the items in the cart was $515.20. Defendant told a peace officer he was going camping and did not have money to pay for the meat.

---

[1] Hereafter, undesignated statutory references are to the Penal Code.

[2] Hereafter, references to rules are to the California Rules of Court.

A jury convicted defendant of second degree burglary and grand theft. (§§ 459, 484, 487.) The jury also found he had a strike and had served two prison terms. (§§ 667, subds. (b)–(i), 667.5, subd. (b).)

At sentencing, the trial court declined to reconsider a prior decision not to strike the strike and sentenced defendant to the midterm of two years for burglary, doubled to four for the strike, and added two years for the prison terms, for a total state prison sentence of six years. The trial court stayed imposition of sentence for grand theft.

Defendant timely filed this appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable errors that would result in a disposition more favorable to defendant.

However, we have found an error that results in an unauthorized sentence that we must correct.

Section 654, subdivision (a) provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

Section 654 has been construed broadly: "Few if any crimes, however, are the result of a single physical act. 'Section 654 has been applied not only where there was but one "act" in the ordinary sense . . . but also where a course of conduct violated more than one statute and the problem was

whether it comprised a divisible transaction which could be punished under more than one statute within the meaning of section 654.' [Citation.]

"Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Neal v. State of California* (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839]; see *People v. Hairston* (2009) 174 Cal.App.4th 231, 240 [94 Cal.Rptr.3d 159].)

█ In particular, section 654 has been held to preclude punishment for both burglary and theft where, as in this case, the burglary is based on an entry with intent to commit that theft. (*People v. Bernal* (1994) 22 Cal.App.4th 1455, 1458 [27 Cal.Rptr.2d 839] [burglary and petty theft], discussed with approval in *People v. Allen* (1999) 21 Cal.4th 846, 864–866 & fn. 20 [89 Cal.Rptr.2d 279, 984 P.2d 486].)

The question in this case is how to implement section 654.

█ Imposition of concurrent sentences is not the correct method of implementing section 654, because a concurrent sentence is still punishment. (See *In re Wright* (1967) 65 Cal.2d 650, 654–655 [56 Cal.Rptr. 110, 422 P.2d 998] (*Wright*); *People v. Cruz* (1995) 38 Cal.App.4th 427, 434 [45 Cal.Rptr.2d 148].) For this reason, the imposition of concurrent terms is treated as an implied finding that the defendant bore multiple intents or objectives, that is, as a rejection of the applicability of section 654. (See, e.g., *People v. Garcia* (2008) 167 Cal.App.4th 1550, 1564–1565 [85 Cal.Rptr.3d 155] (*Garcia*) ["implicit in the trial court's concurrent sentencing order is that defendant entertained separate intentions . . ."]; see *People v. Jones* (2002) 103 Cal.App.4th 1139, 1147 [127 Cal.Rptr.2d 319] [same].)

Nor is staying imposition of sentence an option. "Upon conviction it is the duty of the court to pass sentence on the defendant and impose the punishment prescribed. (Pen. Code, § 12; [case citations].) Pursuant to this duty the court must either sentence the defendant or grant probation in a lawful manner; it has no other discretion." (*People v. Cheffen* (1969) 2 Cal.App.3d 638, 641 [82 Cal.Rptr. 658] (*Cheffen*) [a § 654 case].)

■ A sentence must be imposed on each count, otherwise if the non-stayed sentence is vacated, either on appeal or in a collateral attack on the judgment, no valid sentence will remain. A seminal case—*People v. Niles* (1964) 227 Cal.App.2d 749 [39 Cal.Rptr. 11] (*Niles*)—found a procedural solution: A trial court can impose sentence on all counts, and then stay execution of sentence as necessary to comply with section 654; that way, if the unstayed sentence is reversed, a valid sentence remains extant. (*Niles, supra*, at p. 756, approved on this point in *Wright, supra*, 65 Cal.2d at pp. 655–656, fn. 4; see *Cheffen, supra*, 2 Cal.App.3d at pp. 641–642.)

Thus—under what Witkin coined the "*Niles* formula"—to implement section 654, the trial court must impose sentence on all counts, but stay execution of sentence as necessary to prevent multiple punishment. (*People v. Deloza* (1998) 18 Cal.4th 585, 591–592 [76 Cal.Rptr.2d 255, 957 P.2d 945] (*Deloza*) [§ 654 "requires the sentence for one conviction to be imposed, and the other imposed and then stayed"]; see *People v. Pearson* (1986) 42 Cal.3d 351, 359–360 [228 Cal.Rptr. 509, 721 P.2d 595] (*Pearson*); 3 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Punishment, § 147 ["The *Niles* formula is now the accepted approach"]; Cal. Criminal Law Procedure and Practice (Cont.Ed.Bar 2009) Felony Sentencing, § 37.50, p. 1162 ["sentence for all counts must be imposed, then § 654-barred counts must be stayed"]; Couzens & Bigelow, Basic Elements of Felony Sentencing (Barrister Press 2009) Basic State Prison Sentence (Multiple Counts) p. 74 ["If section 654 applies to a particular count, the court should **impose** the term normally applicable to the crime, including any count-specific conduct enhancements, then **stay** the sentence"]; Ryan, Felony Sentencing Script (2009) Multiple Count Cases, § 7.2, p. 7-1.)

In *Pearson, supra*, 42 Cal.3d at pages 359–361, the California Supreme Court traced the various procedures courts had used to comply with section 654, including reversing counts and imposing concurrent terms, before adoption of the "*Niles* formula" in *Wright, supra*, 65 Cal.2d at pages 655–656. The *Pearson* court explained:

"In *Wright* we . . . balanced the potential windfall to the defendant of reversing multiple convictions against the prejudice to him of allowing sentencing for such convictions. We then determined that the procedure of staying execution of sentence for multiple convictions instead of reversing such convictions 'reasonably reconciles the policies involved in applying section 654 to protect the rights of both the state and the defendant,' and follows logically from the section 654 prohibition against punishing the defendant under more than one provision based on a single criminal act. [Citation.]

"In the case at bar the trial court used the procedure developed in *Niles* and *Wright*; it stayed execution of sentence on each of the sodomy counts, the stays to become permanent on completion of the sentence on the lewd conduct counts." (*Pearson, supra*, 42 Cal.3d at pp. 360–361.)

This has been the settled law, stated without qualification by the California Supreme Court. For example: "Section 654 precludes multiple punishment for a single act or omission, or an indivisible course of conduct. [Citations.] If, for example, a defendant suffers two convictions, punishment for one of which is precluded by section 654, that section requires the sentence for one conviction to be imposed, and the other imposed and then stayed." (*Deloza, supra*, 18 Cal.4th at pp. 591–592.)

The 1964 *Niles* formula, approved by the California Supreme Court in 1967 (*Wright*) and explained in detail and reendorsed in 1986 (*Pearson*) and treated as well settled in 1998 (*Deloza*) would without more appear to be impregnable. However, defendant points to a more recent California Supreme Court case—*People v. Kramer* (2002) 29 Cal.4th 720 [128 Cal.Rptr.2d 407, 59 P.3d 738] (*Kramer*)—that, in his view, undermines the entire 45-year *Niles* formula edifice.

We disagree with defendant's interpretation of *Kramer*. Read in context, it does not conflict with prior law.

In *People v. Norrell* (1996) 13 Cal.4th 1 [51 Cal.Rptr.2d 429, 913 P.2d 458] (*Norrell*), the California Supreme Court considered what rule a trial court should use to determine which of two sentences a trial court should impose and which it should impose and stay execution of, when applying the *Niles* formula. The court concluded, over a strong dissent, that the trial court had discretion to stay execution of the longer or shorter sentence, and pointed out that the Legislature was free to limit that discretion. (*Id.* at pp. 5–9; see *id.* at pp. 12–24 (dis. opn. of Arabian, J.).) Throughout the opinion the court referred to the trial court's act of staying the sentences at issue, but never explicitly stated that the trial court imposed and then stayed execution of those sentences. (*Id.* at pp. 4 [trial court "stayed the sentence"], 5 [People claimed trial court erred "by staying the sentence" and Court of Appeal upheld the trial court "in staying the punishment"], 8 [trial court "stayed the punishment"].) It seems clear that the court was simply using shorthand expressions like "stayed the sentence" to mean impose and then stay the sentence. The dissent summarizes the rule, with a citation to *Pearson*, that where section 654 applies, "the proper procedure is to impose sentence for both of the counts, and stay sentence for one of them." (13 Cal.4th at pp. 13–14.) Thus, "stay sentence" in this context means "stay [execution of]

sentence." Because resolution of the issue in *Norrell* did not require explicitness on this point, the case illustrates that courts, including the California Supreme Court, may at times use shorthand—but technically incorrect—phrases when convenient.

That common practice was continued in *Kramer*. The California Supreme Court stated the issue as follows: "Sometimes a single act constitutes more than one crime. When that happens, the person committing the act can be *convicted* of each of those crimes, but Penal Code section 654 prohibits *punishing* the person for more than one of them. *When a defendant is convicted of two or more offenses for which section 654 prohibits multiple punishment, the trial court must impose sentence for one of them and stay imposition of sentence for the others.* [Citation.] In *Norrell*, we interpreted section 654 as allowing the court to impose sentence for any of the offenses and not necessarily for the most serious one. A year later, the Legislature amended section 654 [to abrogate *Norrell*]. . . . We granted review to decide an issue arising under this amended version of section 654." (*Kramer, supra,* 29 Cal.4th at p. 722, fn. omitted, third italics added.)

The italicized passage, read literally, negates the *Niles* formula. Defendant argues that because *Kramer* is more recent than *Wright, Pearson or Deloza*, it states the governing rule. (See *In re Lane* (1962) 58 Cal.2d 99, 105 [22 Cal.Rptr. 857, 372 P.2d 897] ["a later decision overrules prior decisions which conflict with it, whether such prior decisions are mentioned and commented upon or not"].)

We do not think the California Supreme Court would overturn a rule nearly a half-century old, impliedly, and in a case where the rule was not itself discussed, its application to the case was not important, and there was no trend of decision against it. (*Cf. Sei Fujii v. State of California* (1952) 38 Cal.2d 718, 728 [242 P.2d 617] ["the authority of an older case may be as effectively dissipated by a later trend of decision as by a statement expressly overruling it"]; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 541.) Instead, as in *Norrell*, the passage in *Kramer* purporting to state a rule contrary to *Niles, Wright, Pearson and Deloza*, was merely shorthand and was not an expression of disapproval of the venerable rule stated therein.

Our view is bolstered by the fact that the term "impose" is itself used loosely, either to mean impose and execute or impose and stay. (See *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125–1127 [77 Cal.Rptr.3d 569, 184 P.3d 702].) "[I]t is important to understand that the word 'impose' applies to enhancements that are 'imposed and then *executed*' as well as those that are 'imposed and then *stayed*. However, as a practical matter, the word "impose" is often employed as shorthand to refer to the first situation, while the word

"stay" often refers to the latter.' [Citation.]" (*Id.* at p. 1125.) This again illustrates the fact that when a legal point is not at issue in a case, it is common to use convenient, if technically imprecise, language to refer to that point.

Any lingering doubt is dispelled by the fact that in a more recent case than *Kramer*, the California Supreme Court has approved of *Niles*, in a discussion regarding section 654's application to firearm enhancements. (See *Gonzalez, supra*, 43 Cal.4th at pp. 1128–1129.) In part, the court quoted with approval a comment to a rule of court as follows: " 'Present practice of staying execution is followed to avoid violating a statutory prohibition or exceeding the statutory maximum, while preserving the possibility of imposition of the stayed portion should a reversal on appeal reduce the unstayed portion of the sentence. See *People v. Niles*[, *supra*,] 227 Cal.App.2d 749, 756 . . . .' " (*Id.* at p. 1128.) The court then quoted approvingly from *Niles* itself. (*Gonzales, supra*, at pp. 1128–1129.)

Thus, the rule is, as it has been for many years: A trial court must impose sentence on every count but stay execution as necessary to implement section 654.

██ Here, however, the trial court stayed imposition of sentence on the theft count. Therefore, although defendant was validly convicted of that count, no sentence at all was imposed for it. This results in an unauthorized absence of sentence. (See *Cheffen, supra*, 2 Cal.App.3d at pp. 641–642.)

The trial court appears to have been led astray by rule 4.424, which provides as follows: "Before determining whether to impose either concurrent or consecutive sentences on all counts on which the defendant was convicted, the court must determine whether the proscription in section 654 against multiple punishments for the same act or omission requires a stay of imposition of sentence on some of the counts."

It is apparent that this is not accurate. As stated, the correct procedure is to impose sentence on each count and stay execution of sentence as necessary. (*Deloza, supra*, 18 Cal.4th at pp. 591–592; *Pearson, supra*, 42 Cal.3d at pp. 359–360; see also *Gonzalez, supra*, 43 Cal.4th at pp. 1128–1129.)

We note that a prior rule provided as follows: "When a sentence of imprisonment is imposed upon a defendant convicted of more than one crime, the judgment shall set forth the sentence to a base term and applicable

enhancements for each of the crimes, computed independently. If required by statutory limitations on the enhancement resulting from consecutive terms or by the limitations of section 654, the judgment shall stay execution of so much of the term, or on those crimes, for which the imposition of the full sentence is prohibited. The stay shall become permanent upon the defendant's service of the portion of the sentence not stayed." (Former rule 449.)

At least insofar as it described the procedure of imposing sentence and staying the execution thereof, former rule 449 was "in conformity with *Niles.*" (*People v. Bond* (1981) 115 Cal.App.3d 918, 921–922 [172 Cal.Rptr. 4].)

Former rule 449 was repealed and a new rule, former rule 424, was adopted effective January 1, 1991, reading substantially the same as current rule 4.424. Former rule 449 was repealed for reasons unrelated to the proper manner of implementing section 654. (See *People v. Begnaud* (1991) 235 Cal.App.3d 1548, 1553–1554 & fn. 5 [1 Cal.Rptr.2d 507]; Jud. Council of Cal., Admin. Off. of Cts., Report on Sentencing Rules (1990) Recommendations of the Sentencing Advisory Committee, pp. 43–44 [discussing *People v. Riolo* (1983) 33 Cal.3d 223, 227 [188 Cal.Rptr. 371, 655 P.2d 723]].) However necessary it was to correct a different problem with former rule 449, the replacement rule, rule 4.424, misinterprets section 654. Accordingly, rule 4.424 is invalid and must be revised. (See *Maribel M. v. Superior Court* (1998) 61 Cal.App.4th 1469, 1476 [72 Cal.Rptr.2d 536].)

As for the remedy in this case, in which the trial court imposed an unauthorized sentence by failing to sentence defendant on the theft count, we could remand for a new sentencing hearing, as defendant requests. That would mean pulling defendant out of his prison programming and busing him to Woodland for a new sentencing hearing that will not change his actual prison time. The futility and expense of such a course militates against it. Instead, as requested by the Attorney General, we will exercise our authority to modify the judgment. (§ 1260.)

We impose a midterm sentence of two years for grand theft, because that is undoubtedly the sentence the trial court would have imposed, because the grand theft involved essentially the same conduct as the burglary. We double the sentence to four years for the strike (§ 667, subd. (e)(1)), and add two years for the prior prison terms (*id.*, § 667.5, subd. (b); see *Garcia, supra*, 167 Cal.App.4th at pp. 1561–1562).

We stay execution of the grand theft sentence. (§ 654.)

## DISPOSITION

The judgment is modified by imposing and staying sentence on the grand theft count as described in this opinion. The trial court is directed to forward to the Department of Corrections and Rehabilitation a new abstract of judgment. As so modified, the judgment is affirmed.

Blease, Acting P. J., and Robie, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 22, 2010, S180373. Kennard, J., was of the opinion that the petition should be granted.