Filed 6/10/13  P. v. Robertson CA3

NOT TO BE PUBLISHED

COPY

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THEODORE ROBERTSON,<br><br>    Defendant and Appellant. | C070332<br><br>(Super. Ct. No. 11F01105) |

Defendant Theodore Robertson pleaded no contest to burglary of the Roose residence (Pen. Code, § 459--count one) and to taking and driving a car from the Roose residence (Veh. Code, § 10851, subd. (a)--count two).  In the same proceeding defendant also pleaded no contest to burglary of the Hanson residence (Pen. Code, § 459--count three) and to grand theft of various items from that home, including a gun (Pen. Code, § 487, subd. (d)(2)--count four).  (Unless otherwise stated, all statutory references that follow are to the Penal Code.)  On appeal, defendant contends the trial court erred in

1

failing to stay the sentences imposed on counts two and four pursuant to section 654. We agree and direct the trial court to stay the sentences imposed on counts two and four.

## FACTS AND PROCEEDINGS

Because defendant pleaded no contest to the crimes, we summarize the offenses from facts taken from the probation report and the factual basis cited by the prosecutor at the time of defendant's plea.

Arrested as he walked from a residence from which an audible alarm was sounding, defendant had stolen property in his possession. Based in part on his admissions to police, defendant was charged with (among others) the following burglaries of homes in the neighborhood where he lived with his parents.

*Roose Burglary (Counts One and Two)*

The Rooses were on vacation when their house was burglarized. Three very expensive purses were stolen. Defendant also admitted stealing a car from the garage and placing it in the garage of his own home; its keys were in defendant's possession at the time of his arrest. The contents of two of the stolen purses were found in the backseat of the stolen car; the third purse was found in the trunk. Burglary of the Roose residence gave rise to the allegations of count one of the information; taking the car without the owner's consent gave rise in count two to a charge defendant violated Vehicle Code section 10851, subdivision (a).

*Hanson Burglary (Counts Three and Four)*

The Hanson home was also burglarized; entry was likely made through an unlocked garage door. A handgun, flat-screen television, laptop computer, and other items were stolen during the burglary. Defendant admitted breaking into the Hanson home and possessing the stolen items. Defendant was charged in count three with

2

burglary of the Hanson residence; theft of the gun gave rise to the grand theft charge alleged in count four.

The probation officer recommended no "additional term" be imposed by virtue of the application of section 654 on count two, because "the crime occurred during a continuous course of criminal [conduct as] to Count 1, where defendant harbored a single criminal objective" or on count four, because "commission of the crime occurred during a continuous course of criminal conduct as to Count 3, where the defendant harbored a single criminal objective."

At sentencing, the trial court selected a burglary count as the principle term, and sentenced defendant to prison. It imposed an eight-month (one-third the midterm) sentence on count two, stating to defendant that "even if you entered with intent to take nothing but the car, the fact that you did take the car is an additional crime that's not subject to Penal Code section 654." On count four, the court declined to stay the sentence pursuant to section 654; it imposed a two-year term, to run concurrent.

DISCUSSION

Defendant contends his sentences on counts two and four should be stayed under section 654, as the crimes charged in count two (theft of a car) and count one (residential burglary) were part of an indivisible course of conduct with the single intent and objective of stealing items from the Roose residence, and the crimes charged in count four (theft of a gun) and count three (residential burglary) were likewise part of an indivisible course of conduct with the single intent and objective of stealing items from the Hanson residence. For reasons we shall explain, we agree.

*Section 654 Applicability*

In general, a person may be convicted of more than one crime arising out of the same act or course of conduct. (§ 954; *People v. Correa* (2012) 54 Cal.4th 331, 337 (*Correa*).) However, section 654, subdivision (a) provides in relevant part that "[a]n act

3

or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

As stated in *Correa, supra,* 54 Cal.4th at page 335, the California Supreme Court "added a 'gloss' to section 654" in *People v. Neal* (1960) 55 Cal.2d 11 (*Neal*), when it opined that, although section 654 refers to an "act or omission," "[f]ew if any crimes . . . are the result of a single physical act." (*Neal*, at p. 19.) Accordingly, the relevant question is typically whether a defendant's " 'course of conduct . . . comprised a divisible transaction which could be punished under more than one statute within the meaning of section 654.' " (*Ibid*., quoting *People v. Brown* (1958) 49 Cal.2d 577, 591.) To resolve this question, the *Neal* court announced the following test: "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Neal*, at p. 19; see *Correa, supra,* 54 Cal.4th at p. 335.)

Some aspects of *Neal* have been recently reconsidered and rejected by the California Supreme Court. (*Correa, supra,* 54 Cal.4th at pp. 338-344 [concluding that *Neal's* footnote 1 incorrectly states that the "basic principle" of section 654 bars multiple punishment for multiple violations of the same statute].) However, *Neal's* holding that section 654 precludes separate punishment for separate acts that constitute an indivisible course of conduct, shown by facts defendant harbored a single intent remains. (See *People v. Mesa* (2012) 54 Cal.4th 191, 199-200, and cases cited therein; see also *People v. Wooten* (2012) 209 Cal.App.4th 737, 748 [section 654 does not bar multiple punishments for a single course of criminal conduct when defendant entertains multiple criminal objectives].)

4

Accordingly, a defendant may be convicted of both burglary and theft, since a burglary may be committed without committing a theft, and theft is not a lesser included offense of burglary. (*People v. Bernal* (1994) 22 Cal.App.4th 1455, 1458.) But section 654 "has been held to preclude punishment for both burglary and theft where . . . the burglary is based on an entry with intent to commit *that theft*." (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1466, 1468 [evidence at trial was that defendant entered a Wal-Mart, loaded a shopping cart with meat, put it in an ice chest; loaded other items in the cart and tried to leave without paying; defendant said he "was going camping and did not have money to pay for the meat"], italics added; *People v. Bernal*, *supra*, 22 Cal.App.4th at pp. 1457-1458 [defendant entered his mother's home, "went into a bedroom and stole a car stereo"; trial court correctly allowed defendant's conviction of both burglary and petty theft occurring during the burglary and then stayed punishment for the theft pursuant to section 654].)

Generally, the trial court is vested with broad latitude in determining whether section 654 applies in a given case, and its "findings will not be reversed on appeal if there is any substantial evidence to support them." (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

*Defendant's Sentence on Count Two Should Have Been Stayed by Operation of Section 654*

Defendant contends section 654 bars his separate punishment for burglarizing the Roose residence and stealing a car from the same residence, citing *People v. Alford, supra,* 180 Cal.App.4th 1463. He argues that taking the vehicle arose out of the burglary and occurred at the same time and from the same course of conduct as the burglary.

We agree with defendant. The course of conduct here was to burglarize the Roose home and, taking the car was part of an indivisible transaction with one objective, theft. Moreover, nothing in the evidence (limited as it is) suggests defendant had multiple,

independent objectives. (See *People v. Perry* (2007) 154 Cal.App.4th 1521, 1525-1526.) It is the defendant's intent and objective that determines whether the course of conduct is indivisible. (*People v. Hicks* (1993) 6 Cal.4th 784, 789.) Thus, " '[i]f all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once.' " (*People v. Palmore* (2000) 79 Cal.App.4th 1290, 1297, quoting *People v. Harrison* (1989) 48 Cal.3d 321, 335.)

The trial court did not make any factual findings that defendant should be punished separately for stealing the car because he harbored a separate intent. Rather, it appears the trial court may have mistakenly believed that Penal Code section 654 could not apply to a vehicle taking conviction under Vehicle Code section 10851. (See *In re Maurice H.* (1980) 107 Cal.App.3d 305, 308, 311 [applying Pen. Code, § 654 analysis to Veh. Code, § 10851 violation].)

We are unpersuaded by the People's contrary argument that defendant formed a separate intent to steal the car "only after his burglary of her residence provided him with the keys to the car and his fortuitous discovery" of the car in the garage, and this separate intent should preclude the application of section 654. The same could be said of the "fortuitous discovery" of any item of value inside the house; that a thief decides to take a gold watch only after he sees it inside the house he has entered with an intent to steal does not mean he may be separately punished for the theft.

The district attorney suggested at sentencing that defendant could be separately punished for stealing the car because "there's also evidence of future driving." We do not agree: There is no evidence in the record before us that defendant did anything but take the car, drive it to where he was living with his father, and park it in the garage. Again, these facts are not analytically different from entering a house, stealing a gold watch, and hiding it in a drawer. The record does not suggest defendant took the car so

as to be able to drive it on any other occasion, nor does the record suggest he actually did drive it on any other occasion.

Finally, the People on appeal suggest that defendant violated Vehicle Code section 10851, subdivision (a) by the "unauthorized driving" of the Roose car. Not so; the district attorney stated that the factual basis for defendant's conviction was that "he stole a 1994 Mercedes belonging to [a member of the Roose family]"). Defendant's theft of the car was incidental to the burglary of the Roose home, and section 654 bars its separate punishment.

*Defendant's Sentence on Count Four Should Have Been Stayed*

Defendant also contends section 654 bars his separate punishment for burglarizing the Hanson residence and stealing the firearm from the same residence, citing *People v. Alford, supra,* 180 Cal.App.4th 1463. The People agree. We also agree: The record shows defendant's single intent and objective was to steal from the Hanson home. The trial court made no finding to the contrary, gave no explanation when pressed by defense counsel, and there is no evidence to suggest defendant went to the Hanson home with any additional or alternative intent or objective. We will modify the judgment to stay execution of the sentence on the grand theft in count four.

7

## DISPOSITION

The matter is remanded to the superior court with directions to stay the sentences imposed on counts two and four.  In all other respects, the judgment is affirmed.  The clerk of the superior court is directed to prepare an abstract of judgment as set forth in this opinion and to forward it to the Department of Corrections and Rehabilitation.


      HULL      , Acting P.  J.


We concur:


      ROBIE      , J.


      HOCH      , J.