Filed 6/21/13  P. v. Balandran CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057715 |
| v. | (Super.Ct.No. BAF1200569) |
| THOMAS EDWARD BALANDRAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed as modified with directions.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant Thomas Edward Balandran

pled guilty to burglary (Pen. Code, § 459)[1] and petty theft with a prior theft-related

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

conviction (§§ 484, subd. (a), 666, subd. (b)(1)).[2] He also admitted that he had sustained four prior prison terms (§ 667.5, subd. (b)), and one prior serious or violent strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)). In exchange, the prior prison term allegations were stricken and defendant was sentenced to a total term of four years in state prison with credit for time served. Defendant appeals from the judgment, challenging the sentence or other matters occurring after the plea. As explained *post*, we will affirm the judgment but order the judgment modified and abstract of judgment corrected.

## I

## FACTUAL AND PROCEDURAL BACKGROUND[3]

On January 26, 2012, defendant entered a Kohl's store in Banning and stole merchandise having had previously been convicted of a robbery.

On August 31, 2012, a felony complaint was filed charging defendant with one count of felony burglary (§ 459) and one count of felony petty theft with a prior theft-related conviction (§§ 484, subd. (a), 666, subd. (b)(1)). The complaint further alleged that defendant had suffered one prior serious or violent strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)), and four prior prison terms (§ 667.5, subd. (b)).

---

[2] As explained below, defendant actually pled guilty to petty theft with a prior (§ 666, subd. (b)(1)) rather than petty theft (§ 484, subd. (a)).

[3] The factual background is taken from the felony complaint.

On October 18, 2012, in a plea to the court, defendant pled guilty as charged in exchange for a four year sentence. He also admitted that he had "at least three prior theft offenses," four prior prison terms, and one prior strike conviction. The trial court found that the plea and admissions were entered into freely and voluntarily and that defendant knowingly and intelligently waived his rights. The court also found a factual basis for the plea, relying on the felony complaint.

Defendant was thereafter immediately sentenced to four years in state prison with credit for time served. The court imposed a middle term of two years on count 1, doubled to four years due to the prior strike conviction, and struck the four one-year prior prison term allegations. The court, however, failed to sentence defendant on count 2, which as a matter of law should have been stayed pursuant to section 654.

Defendant filed a notice of appeal, challenging the sentence or other matters occurring after the plea.

II

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find an arguable issue.

As noted *ante*, the record clearly shows that (1) defendant pled guilty to petty theft with a prior (§§ 484, subd. (a), 666) as alleged in count 2; and that (2) the trial court failed to impose a sentence on count 2.

Section 654 bars double punishment, including concurrent sentences, for a course of conduct constituting one indivisible transaction with one criminal objective. (*Neal v. State of California* (1960) 55 Cal.2d 11, 19; *People v. Latimer* (1993) 5 Cal.4th 1203; *People v. Lee* (1980) 110 Cal.App.3d 774, 785.) "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Neal v. State of California*, at p. 19.) Here, the burglary and the petty theft with a prior constituted one indivisible transaction with one criminal objective. (*People v. Bernal* (1994) 22 Cal.App.4th 1455, 1458.) The lesser of the two terms—the sentence for petty theft—must be stayed. (§ 654, subd. (a).)

The California Supreme Court has stated: "[W]hen a court determines that a conviction falls within the meaning of section 654, it is necessary to *impose* sentence but to stay the *execution* of the duplicative sentence, a resolution we anticipated would prevent the addition of incremental punishment." (*People v. Duff* (2010) 50 Cal.4th 787, 796.) "'Upon conviction it is the duty of the court to pass sentence on the defendant and

4

impose the punishment prescribed. (Pen. Code, § 12; [case citations].) Pursuant to this duty the court must either sentence the defendant or grant probation in a lawful manner; it has no other discretion.' [Citations.] [¶] A sentence must be imposed on each count, . . ." (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1468-1469.) "Therefore, although defendant was validly convicted of that count, no sentence at all was imposed for it. This results in an unauthorized absence of sentence." (*Id.* at p. 1472.) Because the trial court in this case erred by not orally pronouncing sentence on count 2 and applying a section 654 stay, the court's failure to impose a sentence was unauthorized. (*Ibid.*)

"As for the remedy in this case, in which the trial court imposed an unauthorized sentence by failing to sentence defendant on the theft count, we could remand for a new sentencing hearing, . . . That would mean pulling defendant out of his prison programming and busing him to [Riverside] for a new sentencing hearing that will not change his actual prison time. The futility and expense of such a course militates against it. Instead . . . we will exercise our authority to modify the judgment. (§ 1260.)" (*People v. Alford*, *supra*, 180 Cal.App.4th at p. 1473.)

We impose a midterm sentence of two years for petty theft with a prior theft-related conviction, because that is undoubtedly the sentence the trial court would have imposed. (See § 1170, subd. (h).) And, because the theft involved the same conduct as the burglary, we will stay execution of the theft sentence (count 2). (§ 654.)

5

III

DISPOSITION

The judgment is modified by imposing and staying the sentence for petty theft with a prior theft conviction (§§ 484, subd. (a), 666) (count 2) as described in this opinion. The clerk of the superior court is directed to prepare an amended abstract of judgment and to forward it to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

CODRINGTON
J.

6