Filed 8/8/25  P. v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100907 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE002027) |
| v. | |
| JAMES EDWARD JOHNSON, | |
| Defendant and Appellant. | |

Defendant James Edward Johnson appeals a sentence imposed on remand at his second resentencing hearing.  He complains the trial court erred in failing to reimpose a sentence on count two prior to staying that count pursuant to Penal Code section 654, requiring reversal and remand for another resentencing hearing.[1]  Having reviewed the arguments and the record, we conclude that remand for yet another resentencing hearing is an unnecessary waste of judicial resources.  Accordingly, we will modify the judgment

---

[1] Undesignated statutory references are to the Penal Code.

1

to impose the six-year sentence previously imposed on count two, the execution of which will remain stayed pursuant to section 654.  We will affirm the judgment as modified.

## I.  BACKGROUND

A jury convicted defendant of corporal injury on a dating partner (§ 273.5, subd. (a)—count one), with an enhancement for personally inflicting great bodily injury (§ 12022.7, subd. (e)), and battery with serious bodily injury (§ 243, subd. (d)—count two).  The jury also found true allegations that defendant committed a prior strike (§§ 667, subds. (b)-(i), 1170.12) and served a prior prison term (§ 667.5, subd. (b)).  In January 2018, the trial court denied defendant's *Romero*[2] motion and imposed an aggregate sentence of 11 years comprised of: six years (the midterm doubled) for count one, plus four years for the enhancement, plus one year for the prior prison term.  The court stayed a six-year sentence for count two pursuant to section 654.

Defendant appealed and another panel of this court affirmed his conviction but remanded the matter for the trial court to strike the prior prison term enhancement invalidated by the passage of Senate Bill No. 136 (stats. 2019, ch. 590, § 1) and to conduct a resentencing hearing.  (*People v. Johnson* (Aug. 19, 2021, C086308) [nonpub. opn.].)

In April 2022, the trial court held a resentencing hearing, struck the invalidated one-year prior prison term enhancement, and resentenced appellant to an aggregate term of 10 years comprised of: six years (the midterm doubled) for count one, plus four years for the enhancement.  As to count two, the trial court sentenced defendant to six years (the midterm doubled) to run concurrent rather than staying the sentence pursuant to section 654.  (*People v. Johnson* (July 21, 2023, C096233) [nonpub. opn.].)  Nothing in the record explained the trial court's decision to change this portion of defendant's

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

2

sentence from stayed to concurrent, and another panel of this court remanded the matter for the trial court to identify "whether the sentence on count two is stayed under 654 or should run concurrently." (*Ibid.*)

Thereafter in March 2024, the trial court held another resentencing hearing. At that hearing, the parties agreed with the trial court that the judge at the last resentencing should not have imposed the term for count two to run concurrently, and instead, that term should have been stayed pursuant to section 654. Accordingly, the trial court found the term for count two would be stayed pursuant to section 654. Specifically, the court stated: "On Count 2, Penal Code Section 243(d), imposition of a sentence is stayed pursuant to Penal Code Section 654, and Count 2, for the record, was Penal Code Section 243(d), battery with injury." The court restated the other portions of defendant's sentence as six years (the midterm doubled) on count one, plus four years for the enhancement for a total aggregate prison term of 10 years. Neither party asked the trial court to identify count two's term that would be stayed. The abstract of judgment and minute order following sentencing reflect that the trial court imposed a six-year term for count two, stayed pursuant to section 654. Defendant timely appealed.

## II. DISCUSSION

Defendant complains the trial court erred when it failed to reimpose a sentence on count two prior to staying that count pursuant to section 654. He requests we remand this matter for a third resentencing hearing wherein the trial court may identify the term imposed for count two prior to staying that count pursuant to section 654.

Having reviewed the arguments and the record, we conclude that remand for a yet another resentencing hearing is an unnecessary waste of judicial resources. We agree that the trial court was required to impose a term for count two prior to staying execution of that sentencing pursuant to section 654. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1472.) However, here, the record clearly reflects what that term would have been. At each sentencing the trial court previously imposed the midterm doubled for six years on

3

count two.  (*People v. Johnson, supra,* C096233.)  Our previous remand order asked the trial court to decide whether that term should run concurrent to count one or be stayed pursuant to section 654.  (*Ibid.*)  On remand, the trial court determined the term should have been stayed pursuant to section 654.  Under these circumstances, we conclude the record reflects the term the trial court would have imposed and that remanding the matter for a third resentencing hearing would be a waste of judicial resources.  (See, e.g., *Alford, supra*, at p. 1473 [modifying judgment to impose "the sentence the trial court would have imposed" stayed pursuant to section 654]; *People v. Relkin* (2016) 6 Cal.App.5th 1188, 1197-1198 [modifying judgment to impose and stay full term where court had erroneously imposed a consecutive one-third term instead].)  Accordingly, we will modify the judgment to impose the six-year sentence previously imposed on count two, stayed pursuant to section 654.  We will affirm the judgment as modified.

### III.  DISPOSITION

The judgment is modified to impose a six-year term (the midterm doubled) on count two, stayed pursuant to section 654.  Because the abstract of judgment and minute order following sentencing already reflect this sentence, no amendment to these documents is required.  The judgment is affirmed as modified.

/S/

_____

RENNER, J.


We concur:

/S/

_____

MAURO, Acting P. J.

/S/

_____

DUARTE, J.

4