NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADEREMI EMMANUEL ATANDA, <br><br> Petitioner - Appellant, <br><br> v. <br><br> ERIC J. HOLDER, Attorney General, <br><br> Respondent - Appellee. | No. 07-70005 <br><br> Agency No. A028-329-199 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 7, 2011
Seattle, Washington

Before: McKEOWN and TALLMAN, Circuit Judges, and MOSKOWITZ, District Judge. [**]

Aderemi Emmanuel Atanda (the "Petitioner") petitions for review of the

Board of Immigration Appeals' ("BIA") decision dismissing his appeal of an order

sustaining the charge of removability and finding the Petitioner ineligible for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

discretionary relief under Section 212(h) of the I.N.A. Reviewing the Petitioner's claims de novo, we grant the petition for review. See Perez-Mejia v. Holder, 663 F.3d 403, 409 (9th Cir. 2011) (reviewing de novo an alien's contention that the government did not meet its burden of proving removability based on an admission).

## I.

The immigration judge ("IJ") and the BIA erred in finding that the Petitioner was sentenced to "a term of at least one year imprisonment" for his forgery convictions and that those convictions therefore constituted an "aggravated felony" rendering the Petitioner removable. See 8 U.S.C. § 1101(a)(43)(R).

On November 17, 2003, the Petitioner was convicted in the Superior Court of California, Los Angeles County, for five counts of felony forgery in violation of California Penal Code ("C.P.C.") § 470(d), one count of grand theft by embezzlement in violation of C.P.C. § 487(a), three counts of failing to file an income tax return, two counts of filing a false tax return, and one count of driving under the influence of alcohol ("DUI"). In the Notice to Appear ("NTA") for the removal proceedings at issue in this petition, the Government charged only the five § 470(d) forgery convictions.

The abstract of judgment for the state-court convictions, a document constituting part of the record of conviction, shows that the Petitioner received a

2

sentence of two years for his grand theft conviction and that the sentences for his forgery convictions were stayed pursuant to C.P.C. § 654(a). Section 654(a) applies when multiple counts in the charging document cover the same underlying conduct. It requires the state court to impose a sentence on all counts covering that conduct and stay execution of the sentence on the count that provides for the shorter potential term of imprisonment. See People v. Alford, 103 Cal. Rptr. 3d 898, 900, 905 (Ct. App. 2010). In this case, the record of conviction establishes that the state court imposed a specific custodial sentence for the grand theft conviction, but it does not indicate any specific term of imprisonment imposed for the forgery convictions. Thus, there is insufficient evidence in the record to establish that the state court imposed "a term of imprisonment of at least one year" for the Petitioner's forgery convictions.

The Government contends that this absence of proof in the record of conviction is irrelevant because the Petitioner admitted during the pleading stage of his removal proceedings that he had been sentenced to the requisite term of imprisonment for his forgery convictions. See Pagayon v. Holder, — F.3d —, 2011 WL 6091276, at *4 (9th Cir. Dec. 8, 2011) ("[A]n alien's concession of removability or admission of facts establishing removability, if accepted by the IJ, completely 'relieve[s] the government of the burden of producing evidence.'" (citing Perez-Mejia v. Holder, 663 F.3d 403, 414 (9th Cir. 2011))).

3

At a hearing on July 5, 2006, the first IJ to preside over the Petitioner's removal proceedings asked him: "Now, the Government says that for [the forgery] offense you were sentenced to serve 32 months in prison in California, is that right?" The Petitioner replied: "That's correct, Your Honor." At a subsequent hearing on September 13, 2006, a second IJ reviewed the abstract of judgment and stated: "I'm looking at the judgment and it says two years for grand theft. And then for the other counts, instead of -- it looks like it's -- it looks like it's stayed, since the judge didn't want to have you spend two years on each count." In her September 13, 2006 oral decision, the second IJ found that the Petitioner "was ordered to two years incarceration on Count 1 [grand theft], and apparently also for the forgery counts, although on the judgment it shows that the incarceration is stayed as to the forgery counts, inasmuch as respondent would be serving the two years on the grand theft charge."

Under these circumstances, the Petitioner's July 5, 2006 statement does not constitute an admission that resolves this issue. First, it is unclear from the transcript whether the Petitioner agreed (a) that he was sentenced to 32 months for the forgery convictions; or (b) that *the Government alleged* he was sentenced to 32 months for the forgery convictions. Second, the second IJ never "accepted" an admission by the Petitioner that he was sentenced to 32 months for forgery. Instead, in her September 13, 2006 oral decision, she relied on the abstract of

4

judgment and found that the Petitioner had been sentenced to two years for the grand theft charge *as well as* for the forgery convictions, and that the two-year sentence for the forgery convictions was stayed. This was error, however, since the abstract of judgment does not support the inference that the sentencing court imposed any specific term of imprisonment for the forgery convictions--two years or otherwise. Third, our review of the record makes clear that the 32-month sentence referred to by Mr. Atanda at the July 5, 2006 hearing encompassed the two-year sentence for his grand theft conviction and the additional eight-month sentence for his DUI conviction. All other sentences and enhancements indicated on the abstract of judgment were either stayed, suspended, or concurrent to his two-year sentence for grand theft and eight-month sentence for driving under the influence. Thus, to the extent his statement on July 5, 2006, could be construed as a pleading-stage admission that he was sentenced to 32 months for forgery, it is not binding because it is plainly contradicted by the record. The finding by the IJ and the BIA is not supported by the evidence, let alone substantial evidence.

Because the IJ and the BIA erred in finding that the Petitioner was sentenced to "a term of at least one year imprisonment" for his forgery convictions and that those convictions therefore constituted an "aggravated felony," see 8 U.S.C. § 1101(a)(43)(R), we grant the petition and remand to the BIA for further proceedings.

5

We note that the BIA also found the Petitioner's grand theft conviction under C.P.C. § 487(a) to be an aggravated felony. See 8 U.S.C. § 1101(a)(43)(G). Although this determination could be relevant in assessing the Petitioner's eligibility for certain forms of discretionary relief, the grand theft conviction cannot serve as a grounds for removal because the Government did not charge the Petitioner as removable on the basis of that conviction. Cf. Salviejo-Fernandez v. Gonzales, 455 F.3d 1063, 1066 (9th Cir. 2006) ("[D]ue process does not require that the NTA include a conviction that *is not* a ground of removability but *is* a ground for denial of relief from removal." (emphasis added)).

## II.

Petitioner argues that since he entered the United States on an F-1 student visa and adjusted to lawful permanent resident status *post-entry* (a fact not in dispute), he has never "been admitted to the United States as an alien lawfully admitted for permanent residence" and therefore cannot be barred from seeking waiver of inadmissibility under § 212(h) on the grounds that he committed an "aggravated felony." See Hing Sum v. Holder, 602 F.3d 1092, 1097 (9th Cir. 2010); Martinez v. Mukasey, 519 F.3d 532, 546 (5th Cir. 2008).

The Government contends that we lack jurisdiction to address this issue because Petitioner failed to raise this argument before the BIA. Our decision to

6

grant the petition and remand to the BIA renders a decision on the exhaustion issue unnecessary.

III.

For the reasons stated above, we hereby GRANT the petition and REMAND to the BIA for further proceedings not inconsistent with this decision.

*Atanda v. Holder*, No. 07-70005

TALLMAN, Circuit Judge, dissenting:

I respectfully dissent. The issue in this case is whether Atanda was sentenced to a term of imprisonment of "at least one year" for his five forgery convictions for which he went to prison, not the county jail.[1]  *See* 8 U.S.C. § 1101(a)(43)(R).  During the pleading stage of his immigration proceeding, Atanda admitted he was so sentenced.  That should be the end of it.  Under our recent decisions in *Perez-Mejia v. Holder*, 663 F.3d 403 (9th Cir. 2011), and *Pagayon v. Holder*, — F.3d —, 2011 WL 6091276 (9th Cir. Dec. 8, 2011), we should hold Atanda to his judicial admission and deny his petition for review.

When an alien makes an admission at the pleading stage of his immigration proceeding, and the Immigration Judge ("IJ") accepts the admission, "no further evidence concerning the issues of fact admitted or law conceded is necessary." *Perez-Mejia*, 663 F.3d at 414 (citing 8 C.F.R. § 1240.10(c)).  If the IJ is not "satisfied" with an admission, or if the admission leaves material issues in dispute, "the removal hearing enters an evidentiary stage during which the IJ receives admissible evidence on any issue not resolved to his satisfaction at the pleading

---

[1]     In California, a conviction for felony forgery is punishable by imprisonment in the state prison for a term of years.  *See Miller v. Mendoza-Powers*, No. 1:06-cv-0476, 2008 WL 4570466, at *3 (E.D. Cal. Oct. 14, 2008).

stage." *Id.* at 411. Despite this seemingly simple procedure, we have recognized that removal proceedings "are 'not always neatly divided into pleading and evidentiary stages.'" *Pagayon*, 2011 WL 6091276, at *5 (quoting *Perez-Mejia*, 663 F.3d at 415 n.10). That is probably the case here, where two different immigration judges handled different phases of the proceeding against Atanda.

At the pleading-stage, the first IJ heard Atanda's admission about his felony sentence term. The IJ relied on the admission, noting that the only issues left to be resolved at Atanda's further proceedings were citizenship and withholding of removal. During Atanda's later hearing, however, the second IJ "detoured into the evidentiary phase of the proceedings," *id.*, by briefly acquainting herself with the record. She consulted Atanda's Abstract of Judgment and quickly noted the obvious: the document does not state a term for Atanda's forgery sentence because it was stayed under California Penal Code § 654. Because the Abstract of Judgment was ambiguous, the second IJ—in an apparent attempt to reaffirm Atanda's earlier admission—simply asked Atanda how much time he had actually served. Atanda responded that he "was asked to serve thirty-two months." Satisfied with this response, the second IJ moved onto other issues.

I do not read the second IJ's "subsequent colloquy" about the Abstract of Judgment to "suggest that either IJ believed that the issue required further

2

evidence." *Id.* I simply read it as a substitute IJ performing due diligence in a case that did not originate before her. Under our precedent and the federal regulations governing immigration proceedings, I would hold that Atanda is bound by his admission as to the length of his prison sentence.

Atanda aptly notes that we have refused to bind an alien to his pleading-stage admission if it is "patently inaccurate," *Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 844 n.4 (9th Cir. 2003), or incorrect "as a matter of law." *Mandujano-Real v. Mukasey*, 526 F.3d 585, 588 (9th Cir. 2008). But Atanda's admission does not fall into either category. He argues that his Abstract of Judgment shows that he was not sentenced to at least one year on his forgery convictions after he was convicted of embezzling a half-million dollars from his employer. But the Abstract of Judgment says no such thing. It is silent as to sentence term because the sentence was stayed under California Penal Code § 654.

In contrast, Atanda himself was neither silent nor uncertain. He admitted to two different IJs that he was sentenced to at least one year for his $500,000 forgery, and his brief to the Bureau of Immigration Appeals suggests the same: "[Atanda] was sentenced to the lower term of 365 days . . . . Being sentenced to a year . . . does not mean that my sentenced [sic] is more than a year . . . ." Because the statute only requires that Atanda was sentenced to <u>at least one year</u>, this latter

3

admission of a 365-day sentence should also end our inquiry.

While I agree that we cannot accept admissions that are legally impossible or plainly contradicted by the record, I do not believe this case presents such a scenario. Atanda is not a sympathetic alien we should bend over backwards to help. Both IJs recognized that fact. I would deny Atanda's petition for review, and I respectfully dissent.