Filed 9/27/16  P. v. Gibson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076199 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 12F01432) |
| CHRISTOPHER FITZGERALD GIBSON, | |
| Defendant and Appellant. | |

A jury convicted defendant Christopher Fitzgerald Gibson of rape of a victim 15 years of age (Pen. Code, § 261, subd. (a)(2); count 1)[1] and unlawful sexual intercourse with a victim 15 years of age while being over 21 years of age (§ 261.5, subd. (d); count 2).  The trial court found true the allegations defendant had served three prior prison terms following felony convictions (§ 667.5, subd. (d)), had two prior convictions for

---

[1]     Undesignated statutory references are to the Penal Code.

1

serious felonies (§ 667, subd. (a)), and had two prior strikes for convictions of serious or violent felonies (§§ 667, subds. (b)-(i), 1170.12). The trial court denied defendant's motion to dismiss one of his prior strike convictions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, and sentenced him to serve a term of 25 years to life plus 13 years in prison.

Defendant contends the trial court erred in admitting testimony by the nurse who conducted the victim's sexual assault examination that it was not uncommon for sexual assault victims to engage in consensual sex after reporting the crimes. Defendant argues the nurse's testimony lacked foundation because it exceeded the scope of her expertise, and was not necessary for the jury's understanding. Defendant further argues the erroneous admission of the nurse's testimony required the trial court to grant his motion for a new trial.

On our own motion, we granted the parties permission to address in supplemental letter briefs whether the evidentiary issues raised on appeal are forfeited on grounds no basis was stated for the objection to the admission of testimony of the nurse. Having received and considered supplemental briefing by the parties, we conclude defendant preserved the issue of whether the nurse's testimony exceeded the scope of her expertise. However, defendant forfeited the issue of whether the testimony was necessary for the jury's understanding because this was not raised as a basis for the objection in the trial court. On the merits, we conclude the nurse did not give expert testimony but only described her own experience in working with victims of sexual assault. Nonetheless, we modify the judgment because the trial court erroneously stayed imposition of sentence on count 2 under section 654 when it should have imposed sentence on count 2 and stayed execution of sentence. As modified, we affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

### *Prosecution Evidence*

In June 2010, K.M. was 15 years old and living with her then-foster mother, C.G. Defendant and his 10- and 12-year-old daughters would frequently visit and occasionally stay the night. Defendant was 46 years old.

On June 23, 2010, K.M. spent the day swimming at the river with defendant and his daughters. K.M. wore a two-piece bathing suit with jeans shorts. When they returned home, K.M. went to her bedroom and fell asleep without changing. The next morning, defendant came into K.M.'s room. Defendant dropped his pants and got into her bed. He put his hand on top of her shorts over her genital area. K.M. was still half asleep when defendant got out of bed "to go check."

K.M. was fully awake when defendant returned and closed the door. Defendant dropped his pants and got into her bed again. Defendant pulled K.M.'s shorts and bottom off while she tried to hold on to the waistband to keep them on. He got on top of her and put his fingers into her vagina. He then put his penis into her vagina. K.M. put her pillow to the side so no one would hear her, but she never did scream. She tried to push defendant away with her legs, but she was unable to stop him. After a while, he ejaculated into her. Defendant got up and instructed her, "don't tell [your] mom."

K.M. went to take a shower. Before she got into the shower, K.M. texted her boyfriend, I.J., that defendant had raped her. I.J. responded that she needed to report the rape and he was going to text K.M.'s older sister, B., to tell the police. I.J. also blamed her because he had been trying to warn her about defendant. K.M. took a shower and changed her top and underwear. K.M. left the house with an overnight bag because she did not want to sleep there again. She texted B. to come and get her immediately. K.M. planned to stay at B.'s house.

B. was unable to pick K.M. up until she got off of work at 1:00 p.m. K.M. told B. defendant had raped her. Later that day, I.J. showed up at B.'s residence and spent the night with K.M. After their earlier argument before K.M.'s shower, they made up by having sexual intercourse. I.J. did not use a condom.

On the morning of June 25, 2010, B. called the police to report the rape. K.M. described the rape to the police and later that afternoon was transported to Sutter Roseville Hospital for a sexual assault examination. During the examination, K.M. described the rape by defendant and her subsequent consensual sexual intercourse with I.J. Stacy McCoy, the nurse who conducted the examination, testified that in her experience it was not uncommon for rape victims to have consensual sexual intercourse after reporting the crimes.

Analysis of a swab taken from the inner crotch of K.M.'s panties contained a mixture of DNA from K.M., I.J., and defendant.

### Defense Evidence

The defense played for the jury nine clips taken from recordings of K.M.'s testimony at the preliminary hearing. In the clips, K.M. stated the incident was not "that serious," was not "a big deal" since it had already happened, she did not remember what time the rape occurred, she texted that defendant had sex with her because she did not use words like "rape," she did not think C.G. would believe her report of rape, she did not know if defendant stayed the entire night when he visited C.G.'s house, defendant did not put the pillow over her face, she packed her overnight bag after the shower, and she had initially lied about where she had sex with I.J. because she did not want to cause problems since they did so at her sister's house.

## DISCUSSION

## I

### *Testimony by the Sexual Assault Nurse Examiner*

Defendant contends the trial court erred in admitting testimony by McCoy, the sexual assault nurse examiner, that it was not uncommon for rape victims to engage in consensual sexual intercourse after reporting the crimes. He further argues the nurse's testimony on this point was not necessary to aid the jury's understanding. And he argues the trial court should have granted his motion for a new trial based on this erroneously admitted evidence. First, we conclude defendant has not preserved the issue of whether the testimony was necessary to aid the jury's understanding. Next, on the merits, we conclude the trial court did not err in admitting McCoy's testimony drawn exclusively on her own experience.

## A.

### *McCoy's Testimony*

During trial, the prosecutor elicited information about McCoy's interview with K.M. and McCoy's own experience with victims of sexual assault as follows:

"Q [Prosecutor]: And in this particular case, you had noticed -- you had noticed that [the victim] had had consensual intercourse the same day, seven o'clock, as the sexual assault?

"A [McCoy]: That's correct.

"Q [Prosecutor]: Is that usual or unusual in terms of your experience in doing these types of examinations through the years to have someone report --

"[Defense counsel]: Objection your Honor.

"THE COURT: Overruled.

"Q [Prosecutor]: Sexual, consensual sex after being assaulted?

5

"A [McCoy]: That's a good question. [¶] Uhm, in my experience, it's not uncommon. People will often report to me that they have had consensual sex after the report of an assault.

"Q [Prosecutor]: And did you, do you have, do you ever question them as to why or do they ever provide you information as to why that may be?

"[Defense counsel]: Objection.

"THE COURT: Sustained.

"[Defense counsel]: Thank you.

"Q [Prosecutor]: Now on the, you also have an indication here that she did not use any alcohol within the last 12 hours. [¶] Correct?

"A [McCoy]: Correct.

Defendant's trial counsel did not state the basis of the evidentiary objection during this colloquy but did so in a motion for new trial based on the admission of McCoy's testimony. The motion for new trial argued there was no foundation for McCoy's testimony that it was not uncommon for sexual assault victims to engage in consensual sex after reporting the crimes. Defendant's motion for new trial also noted that "[d]efendant, the prosecutor and the court discussed this issue briefly off the record. The court indicated that it believed McCoy's testimony, based on her experience, was proper." No additional basis for the evidentiary objection was stated.

In ruling on the defendant's motion for a new trial, the trial court recalled defendant had objected. In arguing for a new trial, defendant's trial attorney objected that McCoy's testimony "was expert opinion without foundation." The trial court responded, "I think we actually may have chatted about it at the time, but this is sort of an interesting question, and your objection did cause me to think a bit about this, because clearly she did not testify as a child abuse accommodation syndrome expert, all right." The trial court determined McCoy had testified solely based on her own experience. Concluding

6

McCoy's testimony was properly admitted, the trial court denied the motion for a new trial.

## B.

### *Preservation of the Evidentiary Challenges to McCoy's Testimony*

Evidence Code section 353 provides in pertinent part that "[a] verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless: [¶] (a) There appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the *specific ground* of the objection or motion." (Italics added.) " 'Specificity is required both to enable the court to make an informed ruling on the motion or objection and to enable the party proffering the evidence to cure the defect in the evidence.' " (*People v. Boyette* (2002) 29 Cal.4th 381, 424.) " ' "[Q]uestions relating to the admissibility of evidence will not be reviewed on appeal in the absence of a specific and timely objection in the trial court on the ground sought to be urged on appeal. [Citation.]" ' [Citations.]" (*People v. Williams* (2008) 43 Cal.4th 584, 620.)

As the trial court's remarks during the hearing on the motion for a new trial indicated, defense counsel had objected to the admissibility of McCoy's testimony during trial. And as indicated by defense counsel's argument in favor of a new trial, defendant objected to McCoy's testimony as lacking foundation. Consequently, the record indicates defendant preserved the evidentiary challenge as to the issue of whether McCoy's testimony lacked foundation.

However, defendant has not preserved a challenge to McCoy's testimony on grounds it was not necessary to aid the jury's understanding. Neither at trial nor during the hearing on the new trial motion did defense counsel mention this as a basis for any objection. For this reason, defendant forfeited the claim McCoy's testimony was not

necessary to aid the jury's understanding.[2] (*People v. Williams, supra,* 43 Cal.4th at p. 620.)

## C.

### *McCoy's Testimony Regarding Her Experience with Sexual Assault Victims*

As the California Supreme Court has explained, " 'Expert opinion testimony is admissible only if it is "[r]elated to a subject that is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact." (Evid. Code, § 801, subd. (a).) "A person is qualified to testify as an expert if he [or she] has special knowledge, skill, experience, training, or education sufficient to qualify him [or her] as an expert on the subject to which his [or her] testimony relates. Against the objection of a party, such special knowledge, skill, experience, training, or education must be shown before the witness may testify as an expert." (Evid. Code, § 720, subd. (a).)' " (*People v. DeHoyos* (2013) 57 Cal.4th 79, 128.) However, testimony limited to a witness's personal observations is admissible if relevant and does not constitute expert or lay opinion testimony. (Evid. Code, §§ 800, 801; *People v. McAlpin* (1991) 53 Cal.3d 1289, 1308.)

Defendant's argument rests on the assertion McCoy gave expert opinion testimony "as to whether it was unusual for someone to report having consensual sexual sex shortly after having been sexually assaulted." Defendant's assertion mischaracterizes the nature of McCoy's testimony. As the trial court stated, "her testimony was limited based on her experience, not testifying as an expert who has assessed information or data about other

---

[2] Defendant does not contend he received ineffective assistance of counsel for failure to object to McCoy's testimony regarding her experience with sexual assault victims on grounds it was not necessary to aid the jury's understanding.

people's experience and then testifying based on that.  She has just related what her experience is."

The record supports the trial court's statement because the prosecutor asked McCoy to answer "in terms of your experience in doing these types of examinations through the years."  And McCoy testified that "*in my experience,* it's not uncommon" for sexual assault victims to engage in consensual sex after reporting an assault.  (Italics added.)  McCoy's answer did not draw upon anything other than her own experience as a nurse who personally worked with numerous sexual assault victims.  McCoy did not give expert opinion testimony.  Instead, her testimony concerned only her personal observations during more than 450 sexual assault examinations over the course of nine years.  Having based her testimony about sexual assault victims' engaging in consensual sex after the assaults exclusively based on her own experience, McCoy's testimony was admissible.  The trial court did not err in admitting McCoy's testimony and properly denied defendant's motion for a new trial.

## II

### *Sentencing on Count 2*

The Attorney General points out, and defendant concedes, the trial court erred in sentencing on count 2 for unlawful sexual intercourse with a victim 15 years of age while being over 21 years of age (§ 261.5, subd. (d)).  The trial court stayed imposition of sentence on count 2 pursuant to section 654.  This court has previously held that "when a trial court determines that section 654 applies to a particular count, the trial court must impose sentence on that count and then stay execution of that sentence.  There is no authority for a court to refrain from imposing sentence on all counts, except where probation is granted.  And failing to impose sentence on all counts can lead to procedural difficulties if the count on which sentence was imposed is later reversed or vacated." (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1466.)  Thus, the correct sentence

9

imposes a term of 25 years to life on count 2, with execution of sentence stayed under section 654. (*Alford,* at p. 1466; §§ 654, 667, subd. (e)(2)(A)(ii), 1170.12, subd. (c)(2)(A)(ii).) Because the trial court has already considered and rejected defendant's *Romero* motion to strike a prior offense, we modify defendant's sentence to correct the error. (See *People v. Alford,* at p. 1473 [remand unnecessary where modification of sentence would undoubtedly result in the same actual prison time].)

DISPOSITION

The judgment is modified by imposing sentence on count 2 for unlawful sexual intercourse with a victim 15 years of age while being over 21 years of age (Pen. Code, § 261.5, subd. (d)). Execution of sentence on count 2 is stayed pursuant to Penal Code section 654. The trial court is directed to forward to the Department of Corrections and Rehabilitation a new abstract of judgment. As modified, the judgment is affirmed.


                                                    /s/
                                        HOCH, J.



We concur:



        /s/
BLEASE, Acting P. J.



        /s/
RENNER, J.


10