Filed 3/23/26  P. v. Hernandez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>ANDREW QUINTON HERNANDEZ,<br><br>　　Defendant and Appellant. | F088997<br><br>(Super. Ct. No. BF116784A)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberly A. Donohue, Assistant Attorney General, Amanda D. Carey and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　Before Levy, Acting P. J., Meehan, J. and DeSantos, J.

Appellant Andrew Quinton Hernandez appeals from the judgment entered following a resentencing hearing conducted pursuant to Penal Code[1] section 1172.75.[2] Appellant was a third strike defendant convicted of second degree murder (§ 187, subd. (a); count 1) and other crimes. He was sentenced to an aggregate prison term of 126 years to life, consisting of, as relevant here, life with a minimum term of 51 years on count 1. He contends the sentence on count 1 was unauthorized because the court miscalculated the minimum term under section 667, subdivision (e)(2), and he is entitled to full resentencing. Respondent agrees that the court erred but contends the proper remedy is for this court to modify the judgment to reflect the correct term.

We agree with respondent. We modify the judgment to reflect the correct sentence on count 1 of 45 years to life (§ 667, subd. (e)(2)(A)(i)) and, as so modified, affirm the judgment.

## RELEVANT PROCEDURAL BACKGROUND

### *Verdict and Original Sentencing*

On November 10, 2008, appellant was convicted by jury of second degree murder (§ 187, subd. (a); count 1), with a true finding that appellant personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)) and personally used a firearm (§ 12022.5, subd. (a)); possession of a firearm by a felon (former § 12021, subd. (a)(1); count 2); possession of ammunition by a felon (former § 12316, subd. (b); count 3); and escaping or attempting to escape custody in a pretrial facility (§ 4532, subd. (b)(2); count 4). Thereafter, true findings were made that appellant had suffered two prior strike convictions (§§ 667, subd. (c)-(j); 1170.12, subds. (a)-(e)),

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     Section 1172.75 declares sentence enhancements imposed pursuant to section 667.5, subdivision (b) (except for that imposed for a prior sexually violent conviction) as legally invalid and provides a procedure for full resentencing for individuals serving a sentence including an invalid enhancement.

two serious felony convictions (§ 667, subd. (a)), and a prior prison term (§ 667.5, subd. (b)).

In the probation report, among its other recommendations, probation determined the highest, and as such, mandatory minimum term for a third strike defendant for count 1 was achieved by applying section 667, subdivision (e)(2)(A)(iii), calculated as: 15 years, the specified term for second degree murder; plus 25 years for the section 12022.53, subdivision (d) firearm enhancement; plus five years each for the two section 667, subdivision (a) enhancements; plus one year for the section 667.5, subdivision (b) enhancement, for a total of 51 years.

Appellant was originally sentenced on February 3, 2009. The court denied appellant's motion to strike his prior conviction. The court sentenced appellant as follows: as to count 1, 51 years to life, as recommended by probation, plus 25 years to life for the section 12022.53, subdivision (d) firearm enhancement, plus one year for the section 667.5, subdivision (b) enhancement; as to count 3, a term of 25 years to life; and as to count 4, a term of 25 years to life. The court stayed punishment on the section 12022.5, subdivision (a) firearm enhancement and punishment on count 2 pursuant to section 654. Additionally, the court struck punishment as to the two section 667, subdivision (a) enhancements. Appellant's total prison term was 51 years to life, plus 25 years to life, plus 25 years to life, plus 25 years to life, plus 1 year.

***Appellant's Appeal from the Judgment and Modified Judgment***

Appellant appealed from the judgment of his conviction. This court thereafter modified the judgment, as relevant here, reducing the sentence for count 1 from 51 years to life to 45 years to life. (*People v. Hernandez* (Jul. 22, 2010, F057033) [nonpub. opn.].) Both parties agreed, and this court concluded, that the sentencing court erroneously applied section 667, subdivision (e)(2)(A)(iii) to determine the minimum term for count 1, because the section 667, subdivision (a) prior serious felony enhancements should not have been used to calculate under that provision, as they were juvenile

3.

offenses.  This court held the sentencing court should have applied section 667, subdivision (e)(2)(A)(i) instead, which would be a minimum term of three times the punishment otherwise provided for a calculation of 15 times three, for a total of 45 years.

On October 22, 2010, the superior court filed the amended abstract of judgment to reflect this court's modification of a term of 45 years to life on count 1.

## *Section 1172.75 Proceedings and Resentencing*

In 2023, the matter was referred to probation for a supplemental report pursuant to section 1172.75.

The resulting probation report, dated December 7, 2023, indicated appellant's original sentence was 51 years to life, plus 25 years to life, plus 25 years to life, plus 25 years to life, plus one year.  There was no mention that the judgment was modified in 2010.

Probation recommended the court strike the section 667.5, subdivision (b) enhancement because it was legally invalid.  The report indicated further that:

> "The recommendation will reflect only this change.  It is acknowledged further changes to the sentence as a result of law changes which provide for ameliorative relief, such as Penal Code sections 654, 1385, 1170(b)(6) and 1170.1(d)(2), may be justified at the time of resentencing after information is provided by the parties."

After a number of continuances, the court conducted a resentencing hearing on November 20, 2024.  The court noted it had read and considered the December 7, 2023 probation report.

Appellant did not submit any additional evidence but proceeded by way of argument through counsel.  Appellant's attorney requested, in addition to striking the one-year section 667, subdivision (b) enhancement, the court also strike one of the strike priors and order concurrent rather than consecutive sentences.  Counsel asserted that since being incarcerated, appellant had participated in "positive programming," including vocational training and had engaged in various jobs, including porter which requires trust

4.

from prison staff. Appellant had also taken re-entry preparation courses, participated in religious services on a regular basis, and participated in substance abuse recovery support groups, self-awareness and improvement groups, and life- and long-termer programs.

The prosecutor submitted a certified "rap sheet," which the court received into evidence. The rap sheet indicated appellant had sustained two convictions while in custody: a 2016 conviction for assault with a deadly weapon (§ 4501, subd. (a)) and a 2022 conviction for assault with force likely to produce great bodily injury (§ 4501, subd. (b)). The prosecutor requested the court sentence appellant "to the maximum allowed under the law."

After hearing the parties arguments, the court noted it "certainly" remembered the case and pointed out "[w]hat has changed" since the original sentencing was (1) upon initial review, the section 667, subdivision (a) allegations were stricken "so we don't have those in front of us" and (2) the section 667.5, subdivision (b) enhancements became invalid, so the court would be striking them. The court went on to list several aggravating circumstances including that (1) the crime involved great violence and a high degree of cruelty and viciousness, noting the facts of the case included that appellant "dismembered the victim after he shot him"; (2) appellant's prior convictions and sustained juvenile petitions were numerous; (3) appellant was on state parole when the crime was committed; and (4) appellant's prior performance on juvenile and misdemeanor probation was unsatisfactory.

The court sentenced appellant as follows: as to count 1, a prison term of 51 years to life, plus 25 years to life for the section 12022.53, subdivision (d) firearm enhancement; as to count 3, a consecutive term of 25 years to life; and as to count 4, a consecutive term of 25 years to life. The court stayed punishment on the section 12022.5, subdivision (a) firearm enhancement and count 2. In essence, the court imposed the original sentence but for the invalid one-year prior prison term enhancement.

5.

## **DISCUSSION**

The parties agree that the court's imposition of a term of 51 years to life on count 1 was unauthorized. They disagree as to the remedy.

First, we agree with the parties that the court erred. For third-strike defendants, the three options for calculating the mandatory minimum term of the requisite life sentence are as follows: " 'Option 1' calculates the minimum term by tripling the term that would otherwise apply to the offense. (§667, subd. (e)(2)A)(i).) The minimum term in 'Option 2' is 25 years to life. (§ 667, subd. (e)(2)(A)(ii).) And 'Option 3,' sometimes referred to as the 'traditional sentencing' option, calculates the minimum term using normal determinate and indeterminate sentencing procedures, including enhancements. Under Option 3, the minimum term is '[t]he term determined by the court pursuant to [s]ection 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commending with [s]ection 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046.' (§ 667, subd. (e)(2)(A)(iii).)" (*People v. Flores* (2021) 63 Cal.App.5th 368, 379–380.)

Here, the sentence for second degree murder applicable to the present case is an indeterminate prison term of 15 years to life. (§ 190, subd. (a).) Thus, under options 1 and 2, the minimum term would be 45 years (15 x 3) and 25 years, respectively. Under option 3, the court was not permitted to include the section 667, subdivision (a) enhancements pursuant to our prior opinion, nor the section 667.5, subdivision (b) enhancement because it was being stricken as invalid, in order to arrive at a minimum term of 51 years. Rather, under option 3, the minimum term would be 40 years, consisting of the period prescribed by section 190 (15 years) plus the only applicable enhancement (25 years to life pursuant to § 12022.53, subd. (d)). As the greatest minimum term under section 667, subdivision (e)(2)(A) is option 1 – 45 years – that is the minimum term the court was mandated to impose.

Next, as to remedy, appellant asserts remand for resentencing is appropriate because the court's imposition of 51 years to life on count 1 constituted an unauthorized sentence, and the court must be allowed "to reconsider each discretionary choice in light of the correction." Appellant contends that because "the trial court's unauthorized 51-year term on Count 1 was the anchor of its entire sentencing structure, which included multiple discretionary choices, such as the imposition of consecutive 25-year-to-life terms for Counts 3 and 4," correcting the term on count 1 "without allowing the court to re-evaluate the 'companion decisions' that were influenced by it would be an arbitrary and illogical restructuring." Appellant cites *People v. Buycks* (2018) 5 Cal.5th 857, and other related authority that stand for the proposition that when a count is reversed or other part of the sentence is stricken, the sentencing court must, upon remand, be permitted to consider its other discretionary sentencing choices.

Respondent contends resentencing is unnecessary and requests we modify the judgment to reflect a sentence of 45 years to life on count 1, citing the opinion from appellant's first appeal, wherein this court corrected the sentence without resentencing; section 1260; and *People v. Alford* (2010) 180 Cal.App.4th 1463.

We agree with respondent and conclude that under the circumstances of this case the correction of this error does not warrant resentencing. That is, correcting the error would not reasonably cause the court to make downward discretionary choices with respect to other terms as appellant suggests.

Here, appellant was before the court for resentencing pursuant to section 1172.75. Accordingly, the court was required to impose a shorter sentence than originally imposed and "apply the sentencing rules of the Judicial Council and … any other changes in law that reduce sentences or provide for judicial discretion." (§ 1172.75, subd. (d)(1), (2).) The court was permitted to "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if

7.

any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

As such, appellant had a full opportunity to present arguments and evidence regarding the court's discretionary choices aimed at reducing his sentence, and he did so. The court heard and considered appellant's request for concurrent sentencing and to strike a strike conviction. The court considered relevant postconviction information including appellant's history of rehabilitation, as offered by appellant and re-offending, as offered by the prosecution, while incarcerated. After considering the arguments and evidence before it, the court declined to exercise any discretion to shorten appellant's sentence beyond striking the invalid one-year enhancement, including declining appellant's request to strike a strike prior and order concurrent sentencing. We cannot contemplate how reducing the minimum term on count 1 would have any reasonable influence on these discretionary choices, as appellant argues. To the contrary, based on the discretionary choices the court made when it erroneously believed the mandatory sentence on count 1 was 51 years to life, we can easily conclude the court "undoubtedly" would not make any choices more favorable to appellant when it is required to impose a shorter mandatory term of 45 years to life. (See *People v. Alford*, *supra*, 180 Cal.App.4th at p. 1473 [appellate court exercised discretion to modify judgment where the court could determine the sentence that the trial court "undoubtedly" would have imposed].)

Under the circumstances of this case, modifying the judgment, rather than remanding for full resentencing is appropriate. (See § 1260 [among options available to reviewing court, it may modify judgment or reduce punishment imposed].)

**DISPOSITION**

The judgment is modified as follows: the sentence on count 1 is 45 years to life. (§ 667, subd. (e)(2)(A)(i).) The court is directed to cause an amended abstract judgment

8.

to be prepared and forwarded to the appropriate authorities.  As so modified, the judgment is affirmed.