Filed 9/30/22 P. v. Holmes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095635 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE008679) |
| v. | |
| AARON HOLMES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Aaron Holmes has filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Although we find no arguable error in defendant's favor, we will modify the judgment to correct a sentencing error and affirm the judgment as modified.

1

FACTUAL AND PROCEDURAL BACKGROUND

Between 2004 and 2011, defendant was convicted of four misdemeanor offenses and one felony offense. Defendant's felony conviction was for violating Penal Code section 273.5, subdivision (a).[1] He struck his girlfriend in the face five times with a closed fist. In 2012, defendant was convicted of violating section 288, subdivision (a), for sexually assaulting a 13-year-old girl who was more than 10 years younger than he.

In May 2021, while defendant was on parole, peace officers found guns and ammunition in his car. A complaint filed that month alleged defendant was a felon in possession of a firearm (§ 29800, subdivision (a)(1); count one); was a person prohibited from owning a firearm who possessed ammunition (§ 30305, subd. (a)(1); count two); and carried a concealed firearm in a vehicle (§ 25400, subd. (a)(1); count three). The complaint also alleged defendant's section 288, subdivision (a) conviction was a serious felony for purposes of California's three strikes law. (§§ 667, subds. (b)-(i) & 1170.12.)

In January 2022, defendant filed a motion to dismiss the prior strike under section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The trial court denied the *Romero* motion, explaining, "the prior strike [was] not that remote," as defendant had "been out" of prison "for a few years" when he committed the instant offenses. And while the instant case was "not the worst in the world," it also was "not the best."

The trial court continued: "You know, there's two guns, some additional ammunition. They are both in locations where, you know, clearly they could be offensive or defensive use in a motor vehicle. So -- and that's not a good sign. [¶] The other thing [was] [defendant] ha[d] some domestic violence history, which is problematic as well." "And then finally . . . the [section 288(a)] victim was 13 and [defendant] was

---

[1] Undesignated statutory references are to the Penal Code.

2

right around 27. So it's not like he was an 18-year-old kid. [¶] So when you put that all together. . . . I'm going to exercise my discretion under *Romero* . . . so it's denied."

Later, defendant pleaded no contest to all three counts and admitted the prior strike. The trial court sentenced defendant to 32 months in state prison for count one (the low term, doubled for the prior strike) and stayed the sentences for counts two and three (§ 654) without pronouncing sentence on those counts. Minute orders reflect the trial court sentenced defendant to 32 months for the other two offenses as well. The abstract of judgment reflects only that terms for counts two and three were stayed.

Defendant filed a notice of appeal challenging only the denial of the *Romero* motion. He did not request a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Our review of the record pursuant to *Wende* has disclosed no arguable errors in defendant's favor. However, we note an error in pronouncing sentence that must be corrected. "A sentence must be imposed on each count, otherwise if the nonstayed sentence is vacated, either on appeal or in a collateral attack on the judgment, no valid sentence will remain." (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1469.) Accordingly, the trial court was required to impose sentence on counts two and three.

Because it is clear from the trial court's discussions with the parties as well as the minute order that the court intended to sentence defendant to the same sentence on all counts and stay execution of two of those sentences, we will modify the judgment to do so. (See *People v. Alford, supra,* 180 Cal.App.4th . at p. 1473 [modifying the judgment

3

on appeal consistent with how the trial court "undoubtedly . . . would have" sentenced defendant, given the "futility and expense of" remanding for a new sentencing hearing].)

We impose sentences of 32 months for count two and 32 months for count three (the lower term for each, doubled for the prior strike). Per the previous order of the trial court, which we do not disturb, those sentences are stayed.

## DISPOSITION

The judgment is modified to impose stayed sentences of 32 months in state prison on counts two and three. The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

/s/
Duarte, Acting P. J.

We concur:

/s/
Renner, J.

/s/
Earl, J.