Filed 1/13/23  P. v. Rivera CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>ARNULFO RIVERA, JR.,<br><br>        Defendant and Appellant. | A160739<br><br>(Contra Costa County<br>Super. Ct. No. 51613108) |

In his second appeal in this matter, appellant Arnulfo Rivera, Jr., asserts four challenges to his prison sentence of 25 years to life for multiple convictions involving domestic violence. Appellant contends the matter must be remanded to allow the trial court to: (1) reconsider its sentencing decision on the primary charge, assault with a deadly weapon, in light of a recent revision to Penal Code section 654;[1] (2) impose sentence on convictions for domestic corporal injury, making a criminal threat, and dissuading a witness by force or threat (counts one, three, and four), and then stay those sentences under section 654; (3) recalculate his presentence custody credits; and (4) amend the abstract of judgment to show that his conviction for making a criminal threat (count five) was reversed by this court in its previous appeal. The Attorney General concedes appellant's last three challenges but contends

---

[1] All undesignated statutory references are to the Penal Code.

1

that the matter should not be remanded for resentencing on the primary charge because the record does not clearly indicate that the trial court would impose a lighter sentence on remand. We disagree with the Attorney General on this contention. We remand the matter to the trial court to reconsider its sentencing decision on the primary charge, assault with a deadly weapon, in light of the recent revision to Penal Code section 654, and to correct the three other sentencing matters raised by appellant and conceded by the Attorney General.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2016, the district attorney filed an amended information charging appellant with the following: corporal injury on a cohabitant (§ 273.5, subd. (a); count one); assault with a deadly weapon (§ 245, subd. (a)(1); counts two & six); criminal threats (§ 422, subd. (a)) with the personal use of a deadly weapon (§ 12022, subd. (b)(1); count three); dissuading a witness by force or threat (§ 136.1, subd. (c)(1); count four); and criminal threats (§ 422, subd. (a); count five). It was further alleged that he had two prior serious felony convictions (§ 667, subd. (a)(1)), two prior strike convictions (§§ 667, subds. (d), (e); 1170.12, subds. (b), (c)), and three prior prison term convictions (§ 667.5, subd. (b)). (*People v. Arnulfo Rivera, Jr.* (Dec. 6, 2019, A151733) [nonpub. opn.] (*Rivera I*).)

The majority of the counts arose out of a single violent incident between appellant and his live-in female companion. The offenses were committed after the couple got into an argument about money. During the argument, appellant physically assaulted the victim and threatened her with a knife. He also threatened to kill her and members of her family if she called the police. The victim was able to call a friend who later called 911. (*Rivera I*, *supra*, A151733.)

2

On December 6, 2016, a jury convicted appellant on counts one through five, acquitting him on count six. The next day, the jury found true a 2007 prior conviction for criminal threat and found one of the prior prison term allegations to be not true. The jury was unable to reach unanimous verdicts on the remaining prison priors and the strike/serious prior felony allegation. The court declared a mistrial as to those enhancements. The prosecution elected not to retry the two remaining prior prison term allegations. Retrial commenced on the remaining strike/serious prior felony allegation. On March 2, 2017, the jury found the allegation to be true. (*Rivera I*, *supra*, A151733.)

The trial court sentenced appellant on count two to a term of 25 years to life as a third strike offense. A consecutive 10-year sentence was imposed comprised of five years each for the two serious felony enhancements. Consequently, the total sentence was 35 years to life. Appellant was awarded 341 days of presentence credits for actual time served, but he was not awarded any conduct credits. (*Rivera I*, *supra*, A151733.)

In December 2019, this court reversed appellant's conviction on count five on the ground that no jury instruction had been given on the lesser included offense of attempted criminal threat. (*Rivera I*, *supra*, A151733) We also remanded the matter to the trial court with instructions to award appellant an additional 340 days of conduct credit, for total presentence custody credit of 681 days. Finally, we directed the trial court to determine whether appellant's two serious felony enhancements imposed under section 667, subdivision (a), should be stricken under Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393). (*Rivera I*, *supra*, A151733.) Senate Bill 1393 became effective on January 1, 2019, and it granted trial courts

discretion to dismiss enhancements imposed under section 667, subdivision (a), in the interests of justice.

After the issuance of the remittitur and prior to the resentencing hearing, appellant filed a resentencing memorandum asking the trial court to: (1) dismiss one or both of his prior serious felony strikes pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*); (2) exercise its newly granted discretion under Senate Bill 1393 to dismiss his two, five-year sentence enhancements imposed under section 667, subdivision (a); and (3) award him a total of 681 days of presentence custody credit.

Appellant's resentencing hearing was held on August 14, 2020, following the retirement of the Honorable Bruce Mills, the judge who oversaw the trial. At the resentencing hearing, the Honorable Teresa Canepa presiding, the trial court denied appellant's *Romero* motion to dismiss his two prior strikes but dismissed both of his five-year serious felony enhancements imposed under section 667, subdivision (a). As a result, appellant's aggregate prison term was reduced from 35 years to life to 25 years to life. The court also awarded appellant 681 days of presentence custody credits. This appeal followed.

## II. DISCUSSION

### A. Resentencing Under Assembly Bill No. 518

Under section 654, a defendant who violates multiple laws in a single course of action may be charged with and convicted of distinct crimes but sentenced for only one offense. (*People v. Sek* (2022) 74 Cal.App.5th 657, 673 (*Sek*).) Sentences on the other offenses are imposed but stayed. (*Ibid*.)

At the time of appellant's sentencing hearings, section 654 required the trial court to impose punishment "under the provision that provide[d] for the longest potential term of imprisonment." (§ 654, former subd. (a).) Effective

4

January 1, 2022, Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Assembly Bill 518) modified this provision. Section 654, as modified by Assembly Bill 518, now provides that an act or omission punishable in different ways by different provisions of law, as in this case, may be punished under any of the applicable sentencing provisions. (§ 654, subd. (a).) As amended, section 654 now gives trial courts discretion to impose and execute a shorter sentence, while staying the execution of the longest sentence. (*People v. Mani* (2022) 74 Cal.App.5th 343, 379 (*Mani*).) The Attorney General concedes that the recent legislative changes to sections 654 apply to appellant because the judgment is not yet final. We agree. (*Ibid.*; see also *Sek, supra,* 74 Cal.App.5th 657 at p. 673.)

Appellant indicates that if we remand for resentencing, he will ask the trial court to base his sentence on count one, corporal injury to a cohabitant, rather than count two, assault with a deadly weapon. This would remove his sentence from the full scope of the "Three Strikes" law because count one was not a serious or violent felony. (See *People v. Johnson* (2015) 61 Cal.4th 674, 681 [defendants with two or more prior strikes are subject to a lesser sentence when convicted of a felony that is neither serious nor violent, unless an exception applies].)[2] The Attorney General opposes remand for resentencing, arguing that remand would be futile because the record "does not clearly indicate that the trial court would reduce appellant's sentence on remand." Although we agree there is some support in the record for the Attorney General's position, the amended version of section 654, subdivision

_____

[2] The Attorney General posits that an aggregate sentence under appellant's scenario would be, at most, 18 years, based on a doubling of the upper term of four years for the conviction for corporal injury to a copartner (§ 273.5, subd. (a); count 1) plus an additional 10 years for the two prior serious felony convictions.

(a) was not effective when the trial court sentenced appellant, and the court lacked the discretion to choose which counts to stay under section 654.

It is well established that " '[d]efendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, [the Supreme Court has] held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s] that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; accord, *People v. Tirado* (2022) 12 Cal.5th 688, 694; *People v. Flores* (2020) 9 Cal.5th 371, 431–432.)

In agreeing to reduce appellant's overall term by 10 years by dismissing the two prior serious felony enhancements imposed under section 667, subdivision (a), Judge Canepa stated: "I have . . . read the briefing from both parties, and obviously I wasn't the trial judge in this matter. I was very disturbed to read the details of the case and the injuries that occurred to the victim. I'm also taking into consideration the fact that [appellant has] numerous convictions that he, as Judge Mills said, apparently earned the years that he gave him. [¶] But having said all that, in terms of the [section] 667(a)(1) priors which relates to the determinate sentence of 10 years, correct, I'm going to strike those because I do believe that the 25-years-to-life is sufficient in a matter such as this given his strike priors, which I would not strike, and given the activity in this matter which, as I said, was very disturbing. [¶] So in terms of his sentence now, it is an indeterminate

6

sentence of 25-years-to-life. The two [section] 667(a)(1) prior convictions are stricken."

In light of Judge Canepa's comments, the Attorney General argues that there is "no basis" for remand for reconsideration of appellant's prison term under the amended version of section 654 because the trial court "made it clear that any further reduction would be inappropriate." Appellant counters that the record does not clearly indicate that the resentencing court would refuse to stay his 25-year to life sentence and impose a shorter sentence under a different count, and that to contend otherwise amounts to speculation. He observes that Judge Canepa exercised her discretion and struck both serious felony priors, suggesting that the trial court "was not unsympathetic to [him]." He also notes that the Legislature has recently enacted a series of measures intended to ameliorate longer sentences, suggesting that the court might also take this trend into account and stay his sentence on count two even though it did decline to strike his two strike priors.

Although the trial court was not inclined to strike any of appellant's priors, at the time it had no discretion to stay the sentence on count two, and appellant's trial counsel did not have the opportunity to argue the issue. The subsequently enacted amendment provides the court with that discretion, greatly modifying the court's sentencing authority. Thus, even with the court's statements during sentencing, out of an abundance of caution, we remand this matter for resentencing to allow the court to consider whether to stay sentencing on count two and to sentence appellant on a different count. (See, e.g., *People v. Johnson* (2019) 32 Cal.App.5th 26, 68–69 [remand ordered in context of Senate Bills Nos. 1393 and 620 even though the trial

7

court had stated it wouldn't strike enhancements even if it did have discretion].)

Accordingly, we vacate appellant's sentence and remand this matter to the trial court to apply section 654, as modified by Assembly Bill 518, in the first instance in order to determine his new sentence. The court shall also consider other recent legislative changes to the sentencing laws, as applicable.[3] We express no opinion as to the appropriate outcome of any future sentencing determination.

## B.    Sentences on Counts 1, 3, and 4 Must Be Imposed

Appellant notes that neither Judge Mills at the original sentencing hearing nor Judge Canepa at the sentencing hearing on remand formally imposed any sentence for his convictions on counts one, three, and four. As a result, he argues that the terms for those counts should be formally imposed and then stayed under section 654. The Attorney General agrees. We concur with the parties.

At the original sentencing hearing, Judge Mills indicated that multiple punishments on counts one, three, and four would not be permissible under section 654 because those counts arose out of the same course of conduct as count two. The court imposed sentence on counts two and five (with the sentence on count five stayed) and imposed two consecutive five-year terms for the prior serious felony enhancements, and stayed sentences on counts one, three, and four. However, the judge did not first impose sentences on those counts before staying them. Judge Canepa was not asked to correct those errors on remand, and she did not do so. Accordingly, the matter

---

[3] Appellant suggests that the trial court "would presumably be required to resentence [him] under the framework of … [Senate Bill No. 81], which went into effect on January 1, 2022," relying on the changes made to the treatment of enhancements under this legislation.

should be remanded so that the judgment can reflect that sentences were imposed on all counts, but that the execution of some of the terms were stayed under section 654. (See *People v. Alford* (2010) 180 Cal.App.4th 1463, 1469 ["A sentence must be imposed on each count, otherwise if the nonstayed sentence is vacated, either on appeal or in a collateral attack on the judgment, no valid sentence will remain."]) Thus, we will direct the trial court to modify the judgment on remand to comply with section 654.

## C. Presentencing Custody Credits

Appellant argues that he is entitled to a total of 1,832 days of presentence custody credits instead of the 681 days currently listed on the abstract of judgment dated August 14, 2021. The Attorney General agrees, as do we.

As noted above, at appellant's initial sentencing hearing held on June 20, 2017, the trial court granted him 341 days of presentence custody credits but made no mention of presentence conduct credits. We ordered the trial court on remand to award an additional 340 days of conduct credits. The resentencing hearing was not held until August 14, 2020.

Section 2900.1 provides: "Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts." Our Supreme Court has instructed: "When, as here, an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' (§ 2900.1.)" (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23.)

9

Pursuant to section 2900.1 and *People v. Buckhalter*, *supra,* 26 Cal.4th 20, appellant was entitled to additional presentence custody credits for the 1,151 days between the date of the initial sentencing hearing and the date of the resentencing hearing. Accordingly, the abstract of judgment should be corrected to reflect a total of 1,832 days of presentence credits based on 1,492 actual days and 340 days for good conduct.

## D. Abstract of Judgment Must Reflect Reversal of Conviction on Count 5

After we ordered the reversal of count five in *Rivera I*, we ordered the trial court to amend the abstract of judgment to reflect that reversal. (*Rivera I*, *supra*, A151733.) The parties did not discuss the reversal of count five at the resentencing hearing, and the revised abstract of judgment still shows that appellant was convicted of that charge and that the sentence was stayed under section 654. On remand, we again order the trial court to amend the abstract of judgment to reflect that his conviction on count five was reversed.

## II. DISPOSITION

Appellant's sentence is vacated and the matter is remanded for resentencing to allow the trial court to (1) exercise the discretion conferred on it by Assembly Bill 518 and any other applicable recent changes to sentencing laws, (2) impose sentence on counts one, three, and four and then stay the execution of those sentences pursuant to section 654, unless the court elects to impose sentence on one of these counts in lieu of the sentence on count two, in which case it should impose sentence and stay execution of the sentences on any remaining counts, (3) amend the abstract of judgment to show that appellant is awarded 1,492 presentence custody credits and 340 conduct credits for a total of 1,832 days, and (4) amend the abstract of judgment to show that his conviction on count five was reversed and never retried.

10

Following resentencing, the clerk of the court is directed to prepare an amended abstract of judgment, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

DEVINE, J.[*]

WE CONCUR:


HUMES, P. J.


MARGULIES, J.


A160739

---

[*] Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.