Filed 10/24/24  P. v. Reyes CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D083326 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE416866) |
| MIGUEL ANGEL REYES, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Daniel G. Lamborn, Judge.  Affirmed as modified.

Jennifer M. French, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

A jury convicted Miguel Angel Reyes of driving under the influence of alcohol (Veh. Code, § 23152, subd. (a); count 1) and of driving while having a

measurable blood alcohol concentration of 0.08 percent or more (§ 23152(b); count 2), and for each count found Reyes had a measurable blood alcohol concentration of 0.15 percent or more. The two counts arose from the same act, so the trial court sentenced Reyes to a two-year prison term for count 1 and stayed count 2 without imposing a sentence.

On appeal, Reyes contends, and the People concede, the trial court erred by not imposing a sentence on count 2 before staying it as required under Penal Code section 654. The parties, however, disagree on the appropriate remedy. Reyes asks us to impose the missing sentence for count 2, while the People ask us to remand to the trial court for resentencing. We agree with Reyes that remand is not necessary here. Accordingly, we modify the judgment to impose the middle term of two years on count 2, which remains stayed under section 654, and otherwise affirm the judgment by memorandum opinion. (See *People v. Garcia* (2002) 97 Cal.App.4th 847.)

Penal Code section 654 applies to defendants convicted of multiple counts arising out of the same act, ensuring they are not punished multiple times for one act. (§ 654, subd. (a).) "[W]hen a trial court determines that section 654 applies to a particular count, the trial court must impose sentence on that count and then stay execution of that sentence." (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1466.)

When, as here, the facts are undisputed, we review de novo the application of section 654 and questions of law. (*People v. Corpening* (2016) 2 Cal.5th 307, 312.)

Here, the trial court should have—but did not—impose a sentence for count 2 before staying it. The trial court correctly found section 654 applied because "both charges relate to the same act of driving, so the term on one of the counts was required to be stayed." (*People v. Toure* (2015)

232 Cal.App.4th 1096, 1106.) But after the trial court imposed a sentence on count 1, it stayed count 2 without imposing a sentence. The People concede, and we agree, the trial court should have imposed a sentence on both counts before staying execution of the sentence on count 2. (*Alford*, 180 Cal.App.4th at p. 1466.)

Where the parties disagree is on the remedy. We agree with Reyes that we may modify the judgment to impose the missing sentence rather than remand it to the trial court for resentencing as the People request.

When the trial court did not impose a sentence on count 2 before staying it, it resulted "in an unauthorized absence of sentence." (*Alford,* 180 Cal.App.4th at p. 1472.) "[W]e could remand for a new sentencing hearing." (*Id.* at p. 1473.) But we also have "inherent authority to correct an unauthorized sentence." (*People v. Relkin* (2016) 6 Cal.App.5th 1188, 1198.)

The People contend "this case needs to be remanded to the trial court for resentencing," citing *People v. Washington* (2021) 61 Cal.App.5th 776, but *Washington* is distinguishable. There, the defendant was sentenced on numerous counts of drug and firearm possession arising out of the same act. (*Id.* at p. 781.) None were stayed under section 654, which made the sentence unauthorized. (*Ibid*.) *Washington* remanded for resentencing because, given the number of counts involved and the absence of the trial court's decision on which to stay execution of, there were multiple ways the trial court could exercise its "discretion in fashioning an appropriate sentence in accordance with section 654's directives." (*Id.* at p. 799.)

On the record here, in contrast, we can determine with a reasonable degree of certainty what sentence the trial court would impose for count 2, which makes remand unnecessary. At sentencing, the trial court made it known that "this is certainly not a lower-term case." After considering

aggravating and mitigating factors, the court decided to "impose the middle term on this matter." The court chose to punish Reyes on count 1 and to stay count 2 under section 654. As a result, all that is left is to impose the sentence for stayed count 2. Because both counts "involved essentially the same conduct" of driving a vehicle under the influence of alcohol, we can infer with a reasonable degree of certainty that the trial court would have imposed the two-year middle term on count 2 as well. (See *Alford,* 180 Cal.App.4th at p. 1473.) That record, along with the "futility and expense" of a resentencing hearing "that will not change [Reyes'] actual prison time" because count 2's sentence remains stayed, prompts us to exercise our authority to modify the judgment. (*Ibid.*) Thus, we impose the two-year middle term on count 2.

## DISPOSITION

We modify the judgment to impose the middle term of two years on count 2, which remains stayed under Penal Code section 654. The trial court is directed to prepare and forward an amended abstract of judgment to the Department of Corrections and Rehabilitation. We affirm the judgment as modified.

CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


KELETY, J.

4